|     |     |
| --- | --- |
| 82  | 51  |
| 86  | 235 |
| 82  | 51  |
| 117 | 330 |

---

[No. 12534.    Department One. — December 13, 1889.]

D. O. MILLS, RESPONDENT, v. LYDIA DEARBORN
ET AL., APPELLANTS.

NEW TRIAL—STATEMENT—FILING—CERTIFICATE OF CLERK—RECORD ON
APPEAL. — Until a settled statement on motion for new trial is filed, it
is no part of the record, and cannot properly be considered by the court
in ruling upon the motion, and the motion, if submitted without such
filing, is properly denied. If the statement is actually left with the clerk
for filing before the motion is submitted, this would be sufficient, whether
it is indorsed as filed by the clerk or not; but a certificate or affidavit of
the clerk that the statement was not left with him for filing until after
the motion had been passed upon, is binding on this court, and will pre-
vail over the affidavit of the appellant to the contrary, unless steps are

taken to have the clerk's certificate corrected if false. A statement filed after the motion is passed upon cannot be looked into-on appeal for the purpose of reversing the judgment or order.

ID.—STIPULATION AS TO SETTLEMENT OF STATEMENT—FILING—ESTOPPEL. —A stipulation that a new trial statement had been served in time, and might be presented for settlement without further notice, does not estop respondent to claim that the statement was not filed when the motion was submitted; nor does the judge's certificate of settlement of the statement show that it was filed.

APPEAL from a judgment of the Superior Court of San Mateo County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*George H. Buck,* and *George E. Filkins,* for Appellants.

*George C. Ross,* for Respondent.

WORKS, J. — The questions attempted to be presented in this case depend upon a statement of the case which appears in the record. It is contended by the respondent that the statement should be stricken out, and must be disregarded by this court, because it was not filed in the court below at the time the motion for a new trial was submitted and denied.

The motion for a new trial was submitted December 10, 1887. There is no indorsement of filing on the statement as it is copied into the record, nor is there any evidence of any kind that it was then on file, or that it was before the court, or made the basis of the motion. The certificate of the clerk at the close of the transcript, after certifying to copies of papers constituting the judgment roll, recites: "And I further certify that the foregoing printed transcript beginning at folio one (1), and ending at folio three hundred and seventy-three (373), excepting, however, and excluding the map attached to page 35 of said transcript, is a correct copy of a document filed in said court on the *tenth day of February, 1888.* And I further certify that the map attached to page 35 of said transcript is a true copy of said map

received by me and attached on the *thirteenth day of Feb-ruary, 1888.*" The "document" referred to is the entire transcript, commencing with the complaint and ending with the notice of appeal.

If this can be construed to be a certificate of the filing of the statement, it shows that it was not filed until two months after the motion for a new trial was passed upon. In addition to this, another certificate of the clerk is filed in support of the motion to strike out the state-ment which appears in the transcript, which certificate recites: "I have carefully examined all entries made in the register of actions of said superior court in the case of D. O. Mills, plaintiff, *v.* Lydia Dearborn *et al.*, de-fendants, No. 720, and all of the original papers in said action, and that there is no entry in said register of ac-tions of any 'statement on motion for a new trial' hav-ing been filed in said action between April 4, 1887, and February 10, 1888, and that no paper whatever, in-dorsed or entitled, or purporting to be, a statement on motion for a new trial in said action, is contained among said original papers, other than a document which is not entitled or named on the back thereof, but which consists of numerous papers attached to-gether, and on the back of the whole thereof marked, ' Filed February 10, 1888,' and among which said papers so filed is one entitled on the face thereof, ' Statement on motion for a new trial.' "

The attorney for appellant makes affidavit that he left the statement with the clerk for filing, and this is cor-roborated by another witness, but it is most positively denied in the affidavit made by the clerk, in which he says: " That deponent never saw such a statement on the tenth day of December, 1887, or at any other time; that he never had any information or notice whatever that said Buck desired any such statement filed in said court or matter; that no statement on motion for a new trial in said action was ever filed or presented to depo-

nent to be filed in the superior court of said county of San Mateo; that on the tenth day of February, 1888, said Buck did come to the office of deponent, and then and there had a conversation with deponent and applied to and requested of deponent, as such county clerk, to certify to the correctness of the printed transcript now on file herein; that deponent examined said transcript, and then stated to said Buck that he could not truthfully certify to its correctness, as no statement on motion for a new trial had ever been filed in said cause, and declined to so certify; that said Buck thereupon produced and exhibited to deponent a document of which the entire printed transcript herein (excepting the map at page 35) is a copy, and then and there requested deponent to file the same and to date the filing thereon 'December 10, 1887,' but that said deponent refused to so file and date said filing, as the same would not be a true indorsement thereon; that the character or description or name of said document was not indorsed upon the same when so presented to deponent, nor is it now indorsed; that in such conversation said Buck stated that he had had all the papers comprising said document at San Francisco, and had there given the same to a printer for the purpose of having the transcript in said cause printed, and that the map was still in San Francisco, but that he, Buck, would get it and have it attached to said document; that upon the refusal of deponent to certify to the said transcript being correct, and deponent declining to file said document and date the filing thereof December 10, 1887, said Buck stated that he would apply to the judge of said superior court for an order directing said document to be filed *nunc pro tunc* as of December 10, 1887, and that said Buck did thereafter, in the presence of deponent, apply to and request the judge of said court to make such an order, but that said judge refused to do so, and that said Buck then requested deponent to file said document as

of and on said tenth day of February, 1888, and that
deponent did thereupon so file it, and thereafter, and on
the thirteenth day of February, 1888, said Buck brought
said map, as he stated, from San Francisco, to deponent,
and requested deponent to attach said map to said docu-
ment, and that deponent did thereupon pin said map to
one of the sheets of said document; and that said docu-
ment in the condition it was presented to deponent on
the tenth day of February, 1888, with the indorsement
thereon, is now on file in the office of the clerk of said
superior court, with said map still attached with a pin
thereto; that said Buck, at no time during the conver-
sation with deponent hereinbefore mentioned, said, as-
serted, or contended that he had ever, prior to said day,
or on said tenth day of December, 1887, presented to or
left with deponent, or in his office, any statement on
motion for a new trial in said cause, and that deponent
was first informed of such claim on the part of said
Buck on yesterday, viz., September 16, 1889; deponent
further avers that said document shows that the sheets
of paper have been taken apart and subsequently pasted
together, and that its whole appearance indicates that it
has been through the hands of a printer."

This court must be bound by the certificate of the
clerk as against the affidavit of the appellant, and it
shows that no statement was filed. If the certificate was,
false, the appellant should have taken steps to have it
corrected. Not having done so, it is binding on this
court.

The code requires the statement to be filed with the
clerk. (Code Civ. Proc., sec. 659.) And the "appli-
cation for a new trial shall be heard at the earliest
practicable period after . . . . the bill of exceptions or
statement *are filed.*" (Code Civ. Proc., sec. 660.)

Until the statement is filed it is no part of the record,
and cannot properly be considered by the court. And
from what we can learn from the record before us, the

court below may have denied the motion for the reason that no statement had been filed, and therefore no error was shown.

The appellant contends that the respondent is estopped to claim that the statement was not filed by a stipulation made by him that the statement had been *served* in time, and that the same was correct, and might be presented to the court for settlement without further notice. But this was before the time for filing and before the settlement of the statement, and could not affect the question now presented.

A statement was *settled*, as shown by the judge's certificate, but this does not show that it was *filed*. As indicated by the affidavit of the clerk, the attorney for the appellant may have kept it in his possession until it was printed, and then have presented it for filing. It is true, as counsel for appellant contends, that it is not necessary that the paper should have been indorsed as filed by the clerk. If it was actually left with him to be filed this would have been enough. (*Boyd* v. *Desmond,* 79 Cal. 250.) But here the fact is, as shown by the certificate and the clerk's affidavit, that it was not left with the clerk for filing.

The statement not having been before the court below when the motion for a new trial was submitted, the motion was properly denied.

No reason is shown why the judgment should be reversed.

While, as stated, we could not properly look into the alleged statement for the purpose of reversing the judgment or order, we have examined it and other parts of the record sufficiently to satisfy us that the judgment was right on the merits.

Judgment and order affirmed.

Fox, J., and PATERSON, J., concurred.