[Civ. No. 1168.   Second Appellate District.—December 16, 1912.]

## A. B. De MITCHELL, Respondent, v. P. W. CROAKE, Appellant.

New Trial—Order Striking Out Statement and Dismissing Motion—Bill of Exceptions—Absence of Appeal—Orders Not Reviewable upon Subsequent Appeal.—Where a proposed statement on motion for a new trial was stricken from the files, and the motion was dismissed on the ground that the statement was not served in time, and a bill of exceptions was settled thereupon, but no appeal was taken from either of said rulings, the action of the court in making them cannot be reviewed upon a subsequent appeal involving said proposed statement and bill of exceptions.

Id.—Insufficient Appeal from Subsequent Order Denying New Trial—Reference to Former Ruling—Notice Not Filed in Time—Statement Not Settled.—An appeal from a subsequent order denying a new trial, though it is noticed to be made upon the proposed statement attached to the bill of exceptions settled upon the former rulings, yet the notice of the motion of which was not filed in time, and no statement in support of which was ever settled, is insufficient.  Where no statement is settled upon a motion for new trial, the motion is properly denied, and the order denying it must be affirmed.

Id.—Proposed Statement Not Usable on Hearing of Motion—Incorporation in Bill of Exceptions Not Entitling It to Consideration.—The proposed statement stricken from the files, was not usable upon the hearing of the motion since it was never settled. Incorporating it in a bill of exceptions to be used on an appeal never taken from an order striking it from the files, does not entitle it to consideration as a statement in support of the motion for a new trial, especially where the bill of exceptions was not settled and filed until long after the court had denied the motion for a new trial.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

H. C. Dillon, and A. S. Goldflam, for Appellant.

Lucius M. Fall, and Webster Davis, for Respondent.

SHAW, J.—Action to quiet title. Judgment, entered August 23, 1910, went for plaintiff, from which, and an order denying his motion for a new trial, defendant appeals.

Pursuant to his notice of intention to move for a new trial, defendant prepared, served, and filed his proposed unsettled statement of the case.to be used in support of his motion. Thereafter, on October 17, 1910, plaintiff moved to strike from the files and records defendant's proposed statement upon the ground that the same had not been served within the time prescribed by law, and also moved to dismiss the motion for a new trial. The court granted both motions and made its orders striking from the files and records in the case the defendant's proposed statement of the case, and dismissed defendant's motion for a new trial. Thereupon defendant prepared and, on January 5, 1911, caused to be settled a bill of exceptions wherein was set out and exhibited the alleged erroneous rulings of the court in the making of said orders. Defendant, however, gave no notice of appeal, either from the order striking the statement from the files, or dismissing the motion; hence, conceding the orders to have been the subject of appeal, in the absence of any appeal therefrom, the action of the court in making them cannot be reviewed.

After the making of these orders, from which no appeal was taken, defendant gave a second notice that he would, on November 7, 1910, move the court for a new trial, which motion it was stated in the notice would be made upon a "statement upon appeal which is herewith served upon you attached to the bill of exceptions in said case." This motion was made at the time specified in the notice and by the court denied. Defendant appeals from this order. Not only was there a failure to give notice of the motion within the time prescribed by law, but no statement in support of the motion was ever settled. In the absence of a statement on motion for a new trial, the motion is properly denied and the order denying the motion must be affirmed. (*Symons* v. *Bunnell,* 101 Cal. 223, [35 Pac. 770].) For the purpose of showing error in the making of the order of November 7, 1910, denying his motion for a new trial, appellant has printed in his transcript the statement by order of court stricken from the files and which is embodied in the bill of exceptions allowed January 5, 1911, upon the making of said last mentioned

order. Since this proposed statement was never settled, it could not be used upon the hearing of the motion. Incorporating it in a bill of exceptions to be used on an appeal never taken from an order striking it from the files, does not entitle it to consideration as a statement in support of the motion for a new trial. Moreover, the bill of exceptions was not settled and filed until long after the court had denied the motion for a new trial. (*Mills v. Dearborn,* 82 Cal. 52, [22 Pac. 1114].)

The only ground urged in support of a reversal of the judgment is that the court erred in admitting certain evidence. There is no record before us upon which these alleged errors may be reviewed.

Judgment and order affirmed.

Allen, P. J., and James, J., concurred.