[No. 11289. Department Two. — September 29, 1886.]

WILLIAM HARNISH ET AL., APPELLANTS, *v.* R. H. BRAMER ET AL., RESPONDENTS.

APPEAL — TRANSCRIPT — STIPULATION TO CORRECTNESS OF. — Where the correctness of the transcript on appeal is stipulated to by the respondent, he cannot afterwards impeach it by showing that the judgment was entered at a later date than that shown on the face of the record.

ID. — PLEADING — COMPLAINT — GENERAL AND SPECIAL DEMURRER. —If a complaint fails to state a fact essential to the cause of action, the defendant may take advantage of the defect by a general demurrer. If, however, the complaint avers all the essential facts, but states them defectively or improperly, the defect can only be reached by a special demurrer, particularly designating the specific point at which it is aimed.

Judgment — Collateral Attack — Defendant not Served. — A judgment against a defendant who was not served with summons, and did not appear in the action, cannot be collaterally attacked if the record shows that the defendant was served and appeared, and the judgment is regular on its face.

Id. — Judgment by Default when Voidable. — A judgment entered against a defendant by default, before the time for answering has expired, is voidable.

Id. — Restraining Enforcement of Judgment — Allegations of Complaint — Showing Defense to Former Action. — In an action to restrain the enforcement of a voidable judgment, the complaint must show that the plaintiff had a good defense to the action in which the judgment was rendered. Such a defense is sufficiently shown, in the absence of a special demurrer, by an allegation that at the time of the entry of the judgment the defendant had no cause of action against the plaintiff.

Appeal from a judgment of the Superior Court of Yolo County.

The facts are stated in the opinion of the court.

*C. P. Sprague,* and *L. Lambert,* for Appellants.

*G. P. Harding, N. A. Dorn,* and *W. R. Parker,* for Respondents.

The Court. — This is an action for a decree enjoining the defendants from enforcing against the plaintiffs a judgment obtained in a Justice's Court in and for Alisal township, county of Monterey, in favor of defendant J. J. Conner, and against said plaintiffs.

A demurrer was interposed to the complaint herein, on the ground that the same did not state facts sufficient to constitute a cause of action against the defendants.

2. That said complaint does not state facts sufficient to constitute a cause of action against the defendants M. L. Dexter and George W. Roadhouse, etc.

3. That there is a misjoinder of parties in this, that said M. L. Dexter and George W. Roadhouse are not proper or necessary parties.

The demurrer was sustained, and plaintiffs declining to amend, final judgment was entered in favor of defend-

ants, from which judgment this appeal is prosecuted by
said plaintiffs.

Objection is made by respondents that the judgment
was not entered in the cause until after this appeal was
taken, and a certificate of the clerk of the Superior Court
in support of the position is filed, showing that judgment
was entered " on October 5, 1885, or within a few days
after said date," etc.

The record before us shows on its face that judgment
was entered September 7, 1885, and counsel for respond-
ents, having stipulated that the transcript is correct,
cannot be heard to impeach it by showing the entry of
judgment at another and later date.

The complaint to which the demurrer is interposed
shows, in substance, that the plaintiffs are both residents
of Yolo County, state of California, and were such resi-
dents on the 24th of June, 1884; that defendant Beamer
is sheriff of Yolo County; that defendant Dexter is
county clerk of Monterey County; and that defendant
Roadhouse is a justice of the peace of Alisal township,
county of Monterey; that on the twenty-fourth day of
June, 1884, defendant Conner commenced an action
against the plaintiffs herein, in the court of defendant
Roadhouse in said Alisal township, and caused a sum-
mons to issue therefrom, which was served on F. B. Har-
nish in Yolo County on the first day of July, 1884; that
no other service was ever had upon the plaintiffs herein,
or either of them; that defendant Roadhouse falsely
made an entry in his docket showing that both of the
plaintiffs herein were served with summons on the first
day of July, 1884, at said Alisal township, and that a like
false entry was made by said justice, showing that the
defendants therein and plaintiffs here appeared and de-
murred to the complaint on the fifth day of July, 1884,
all of which the justice knew to be false, and that no ap-
pearance whatever was made by the plaintiffs or by any
one of them in said action; that the justice never ac-

quired jurisdiction of the persons of these plaintiffs, or of either of them, or of the subject-matter of said action.

.The complaint further avers the entry of judgment by the justice against these plaintiffs on the eleventh day of July, 1884, for one hundred dollars and costs; that such judgment was void, and that these plaintiffs were ignorant of its entry until long after the expiration of the time for an appeal; that Conner had no cause of action against plaintiffs, or either of them, at the time said judgment was entered; that an abstract of the judgment was filed in the office of the county clerk of Monterey, and that on the third day of July, 1885, defendant Dexter, as county clerk, issued an execution on said judgment directed to the defendant Beamer, requiring him as sheriff to satisfy the writ out of the property of these plaintiffs; that on or about the 10th of August, 1885, Beamer as sheriff levied upon certain property of William Harnish, and will levy upon other property, and sell the same, etc., if not restrained; that Dexter as county clerk will issue other executions, etc.; that the judgment of Conner against plaintiffs, though void, is valid upon its face, etc.

1. If a complaint fails to state any fact or facts essential to a recovery, the defect may be reached by a general demurrer.

2. If, however, it states all the essential facts, but states them improperly or defectively, the defect can only be reached by a special demurrer, particularly designating the specific point at which it is aimed.

The demurrer is general, and we need only to inquire whether there is a statement of all the facts essential to a recovery. If this question can be answered in the affirmative, the demurrer should have been overruled, even if such facts are imperfectly stated.

The judgment as against William Harnish, who was never served with summons and who never appeared in the cause, was in fact void, but as the record shows ser-

vice and appearance and the judgment is fair on its face, it cannot be attacked collaterally.

As to the plaintiff F. B. Harnish the judgment is voidable because entered by default before the time for answering had expired. (Code Civ. Proc., sec. 845.)

But something more is required to warrant a court of equity in interposing to stay the enforcement of the judgment.

Equity will not overturn a judgment valid on its face unless it is an *unjust* judgment.

It must be against conscience, and it must appear that a like judgment would not follow in the same action or upon the same cause of action. (*Gregory* v. *Ford,* 14 Cal. 139.) .

It therefore became necessary for the plaintiffs to show that they had a good defense to the action at law, and this they have done by averring that at the time of the entry of judgment complained of J. J. Conner had no cause of action against them. This averment shows a perfect defense to the action.

The judgment is reversed and the cause remanded, with directions to overrule the demurrer to the complaint.