[Sac. No. 191.   Department Two.—June 17, 1897.]

# J. M. WELLS, APPELLANT, *v.* EMIL KREYEN-HAGEN ET AL., RESPONDENTS.

APPEAL—INSUFFICIENT RECORD—AFFIRMANCE.—Where the record upon appeal from a judgment and from an order denying a new trial fails to show that the complaint, answer, findings, or judgment were ever filed in the court below, or that the judgment was ever entered, and fails to contain a certificate to the papers which would constitute the judgment roll, and further fails to show that the statement on motion for new trial was filed, or that the order denying a new trial was entered, the record contains no basis upon which there can be a reversal of the judgment or order, and the same must be affirmed.

WATER RIGHTS—PRIOR APPROPRIATION—BREAKING AND REPAIR OF DITCH—FIRST USER—EVIDENCE.—Where water was first appropriated by the defendants for the purpose of irrigation, by posting a sufficient notice of such appropriation, and by the construction of a ditch prior to the construction of plaintiff's ditch, the fact that defendants' ditch broke before the water reached the land intended to be irrigated, and that the plaintiff was thus enabled first to apply the water on his land, does not affect the prior appropriation of the defendants; and the notice is properly received in evidence, and the defendants may properly prove why the ditch broke and why it was not sooner repaired.

APPEAL from a judgment of the Superior Court of Fresno County and from an order denying a new trial. J. R. WEBB, Judge.

The facts are stated in the opinion.

*Sayle & Coldwell*, for Appellant.

*J. P. Meux*, and *M. K. Harris*, for Respondents.

HAYNES, C.—The defendants had judgment, and the plaintiff appeals therefrom and from an order denying his motion for a new trial.

Respondents object to the consideration of this appeal upon the ground that the record does not show that any of the papers appearing therein have ever been filed or used in the court below—except the notice of intention to move for a new trial and the notice of appeal—and that, as to the notice of intention to move for a new trial, it is not embodied in the statement on motion for a new trial. The record fails to show that either the complaint, answer, findings, or judgment were ever filed in the court below, nor is there any evidence in the record that the judgment was ever entered, nor is there any certificate to the papers which would constitute the judgment roll. The statement on motion for a new trial makes no allusion to any notice of intention to move for a new trial, nor is there any evidence that the statement was filed. The transcript purports to contain an order denying the motion for a new trial, but does not show that that order was ever entered, nor does the certificate of the clerk, added to the transcript, show that any of these papers were filed.

In *Mills* v. *Dearborn*, 82 Cal. 51, it was held that, "until a settled statement on motion for new trial is filed, it is no part of the record, and cannot properly be considered by the court in ruling upon the motion, and the motion, if submitted without such filing, is properly denied, and that the fact that a statement was settled is shown by the judges' certificate does not show that it was filed."

In *Mix* v. *San Diego etc. R. R. Co.*, 86 Cal. 235, it was said: "A statement of the case is copied into the transcript, but it does not appear to have been filed in the court below after it was settled. This being so, it is no part of the record, and cannot be looked to in aid of this appeal."

Section 659 of the Code of Civil Procedure explicitly requires the filing, not only of the notice of intention to move for a new trial, but of the bill of exceptions or statement, and there is no authority for the court to pass upon a motion for a new trial until the bill of exceptions or statement shall have been filed.

Nor is the appeal from the judgment in any better situation, since an appeal from a judgment will not lie until the judgment has been entered. (*McLaughlin* v. *Doherty*, 54 Cal. 519.)

Appellant has not seen proper to reply to this contention of respondents, or to take any steps to correct the record. Under these circumstances any conclusion we might reach upon the merits of the appeal would be unauthorized, and, besides, we cannot refuse to give the respondents the benefit of a point well taken.

We may say, however, that the case involves the question of the prior appropriation of water for the purposes of irrigation; that the testimony introduced by plaintiff shows that defendants' appropriation by posting a notice thereof, and the construction of their ditch, was prior to the construction of plaintiff's ditch; that the fact that defendants' ditch broke before the water reached the land intended to be irrigated, and thus enabled the plaintiff to first apply the water on his land, did not affect defendants' prior appropriation. The defendants' notice of appropriation was sufficient, and was properly received in evidence; nor did the court err in permitting defendants to show why their ditch broke, nor why it was not sooner repaired. Upon the case made by the plaintiff we think the judgment for the defendants was right, and for these reasons we feel less hesitation in

disposing of the case upon what may appear to be technical grounds.

The appeal was perfected by giving the proper notice and undertaking, but appellant having failed to bring a record upon which a reversal of the judgment could be based, we advise that the judgment and order appealed from be affirmed.

SEARLS, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

· McFARLAND, J., TEMPLE, J., HENSHAW, J.