[S. F. No. 1032. In Bank.—November 5, 1897.]

## In the Matter of the Estate of HIRAM A. PEARSONS, Deceased.

ESTATES OF DECEASED PERSONS—DECREE OF DISTRIBUTION NOT ENTERED IN MINUTE BOOK—PREMATURE APPEAL—DISMISSAL.—A decree of distribution of the estate of a deceased person is not entered, within the meaning of section 1715 of the Code of Civil Procedure, which provides that an appeal in probate proceedings "must be taken within sixty days after the order, decree, or judgment is entered," until it is "entered at length in the minute book of the court" as provided in section 1704 of the same code; and an appeal taken therefrom before such entry is premature, and vests the appellate court with no jurisdiction of the cause, and will be dismissed.

ID.—ENTRY IN CLERK'S REGISTER—MISLEADING OF APPELLANT—FAILURE TO MAKE INQUIRY.—An entry in the clerk's register of actions noting an entry of decree in the minutes, which had in truth no reference to its final entry at large in the minute-book, but only to an entry made by the courtroom clerk in his rough daily minutes of proceedings, of the fact that the decree had been made and filed, is not such an entry as could be conclusive in favor of the appellants that the decree had been finally entered, where it appears that they could have ascertained the true meaning of the entry by inquiry in the clerk's office, and although the appellants were misled by such entry in the register through failure to make inquiry, that fact cannot confer rights upon them which they otherwise have not.

ID.—ESTOPPEL OF RESPONDENTS—JURISDICTION.—No estoppel of respondents by their acts from pressing a motion to dismiss a premature appeal can avail the appellants, conceding that the facts show such estoppel, as the court has no jurisdiction to entertain such an appeal, and, upon the fact appearing, it will be dismissed of the court's own motion.

MOTION in the Supreme Court by Respondents to dismiss an appeal from a decree of distribution of the estate of a deceased person, rendered in the Superior Court of the City and County of San Francisco. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

C. F. Hanlon, for Appellant.

Joseph Hutchinson, George W. Haight, Joseph Naphtaly, and A. N. Drown, for the motion to dismiss, in behalf of the several Respondents represented by each.

VAN FLEET, J.—Motion to dismiss an appeal from a decree of final distribution, on the ground that it was prematurely taken.

Section 1704 of the Code of Civil Procedure requires that all orders and decrees in probate proceedings "must be entered at length in the minute book of the court"; and section 1715 of said code provides that an appeal "must be taken within sixty days *after* the order, decree, or judgment is entered." A decree is entered within the meaning of the last section when it is "entered at length in the minute-book of the court," as provided in section 1704; and an appeal taken before such entry is premature and vests this court with no jurisdiction of the cause, and will be dismissed. (*In re Rose*, 72 Cal. 577; *Home of Inebriates v. Kaplan*, 84 Cal. 486; *Menzies v. Watson*, 105 Cal. 109.)

The decree in this instance was signed by the judge November 24, 1896, and filed with the clerk on the following day, November 25th; but it was not entered in the minutes until December 14th following. The notice of appeal was served and filed November 30th, and the bond on appeal filed December 3, 1896. It thus appears that the appeal was perfected some eleven days prior to the entry of the decree, and was therefore premature.

Appellant's counsel contends, however, that he was misled into taking the appeal thus early by an entry found on the clerk's register, which tended to indicate, and which he interpreted to mean, that the decree had been entered on November 25, 1896; and he contends that inasmuch as the register is an official record which the clerk is required to keep, in which the successive steps in the proceeding are to be correctly noted, and as this

record is intended to inform appellant of the initial point of his right to appeal, it must be held to be conclusive of the facts it recites. But if such record would be held conclusive in any case where, as here, the actual entry of the decree is the fact which initiates the right (*Menzies v. Watson, supra*), before it could be so held it should appear that it was intended as a record of such fact. In this instance it appears without conflict that the entry in the register upon which appellants relied for their information had in truth no reference to the fact of the entering at length of the decree in the minute-book, and was not intended to record that fact; but that it referred to a wholly different step—an entry by the courtroom clerk, in his rough daily minutes of proceedings, of the fact that the decree had been made and filed on November 25th. It further appeared that the appellant could readily have ascertained the true signification of such entry by inquiry in the clerk's office. The fact, then, that appellants were misled by said entry, through their failure to make inquiry, cannot give them rights which they otherwise have not.

The objection that respondents are estopped by their acts from pressing this motion cannot avail appellants, even if it be conceded that the facts show such estoppel. Where the appeal is premature, equally with where it is too late, this court has no jurisdiction to entertain it, and, upon the fact appearing, it will be dismissed of the court's own motion.

The appeal is dismissed.

Harrison, J., McFarland, J., Temple, J., and Garoutte, J., concurred.

Rehearing denied.