[S. F. No. 2557.   Department One.—September 23, 1902.]

ESTHER E. SWORTFIGUER, Appellant, v. CHARLES
G. WHITE et al., Respondents.

APPEAL — MOTION TO DISMISS — AUTHENTICATION OF TRANSCRIPT. — A
motion to dismiss an appeal, on the ground that the transcript
filed and served was not authenticated, will be denied where, at the
hearing of the motion, the appellant presents another copy properly
authenticated and asks leave to file the same.

ID.—DELAY IN FILING POINTS AND AUTHORITIES—ABORTIVE NOTICE OF
MOTION.—A motion to dismiss the appeal for failure of the appel-
lant to file his points and authorities in the time required by the
rule will be denied when it appears that between the time of a
notice of a motion which was abortive, for failure to designate
a day for the hearing, and the giving of a second notice the points
and authorities were filed.

MOTION to dismiss an appeal from a judgment of the
Superior Court of the City and County of San Francisco.
J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

Pringle & Pringle, for Appellant.

W. H. Barrows, and William H. Jordan, for Respondents.

HARRISON, J.—Motion to dismiss the appeal.   The re-
spondent, Edward H. Hansen, has moved to dismiss the
appeal herein upon the ground that the appellant has not
filed a transcript within the time provided by the rules of this
court, and upon the further ground that no properly authenti-
cated transcript has been served upon him.

Within forty days after the appeal was taken a transcript
was filed in this court containing an admission of service by
the attorney for one of the respondents, and a stipulation as
to its correctness signed by said attorney and the attorneys for
the appellant.   It appears from an affidavit of the managing
clerk of the attorney for the moving party that a copy of this
transcript was served upon the attorney for Hansen, and the
real ground of the present motion is, that this transcript was
not authenticated by the certificate of the county clerk or on
behalf of said respondent, and that no transcript so authenti-
cated has been served upon him.   At the hearing of the motion

the appellant presented another copy of the transcript, properly authenticated by the certificate of the county clerk, and asked leave to file the same. The objection of the respondent upon the ground that the transcript is not properly authenticated is therefore obviated. (*Warren* v. *Hopkins,* 110 Cal. 506.) The objection that the copy which was served upon the attorney for Hansen did not contain a copy of this authentication is without merit.

Another ground presented in the notice of motion was, that the appellant had not filed his points and authorities within the time prescribed by the rule. A similar motion to the present was previously made, but proved abortive, by reason of not designating the day on which the motion would be heard, and, upon ascertaining that fact, the respondent gave notice of the present motion. In the interim the appellant filed his points and authorities, which, under rule V, is an answer to this part of the motion.

The clerk is directed to file the authenticated copy of the transcript presented by the appellant at the hearing of this motion, and the motion to dismiss the appeal is denied.

Garoutte, J., and Van Dyke, J., concurred.