[S. F. No. 2877.   In Bank.—August 1, 1903.]

In the Matter of the Estate of HENRY PICHOIR, Deceased.

ESTATES OF DECEASED PERSONS—APPEAL FROM DECREE OF DISTRIBUTION —MOTION TO DISMISS—MATURITY OF APPEAL—STIPULATION.—A motion to dismiss an appeal from a decree of distribution on the ground that the appeal is premature, the decree not having been entered when the appeal was taken, will be denied where the appellants have signed a stipulation to the correctness of the transcript on the appeal which shows that the decree was entered before the appeal was taken.

MOTION to dismiss an appeal from a decree of the Superior Court of the City and County of San Francisco distributing the estate of a deceased person.   J. V. Coffey, Judge.

The motion was made on the ground that the decree of distribution was not in fact entered when the appeal was taken. After decision of the motion a rehearing was granted thereupon. Further facts appear in the opinions of the court and in the concurring opinions.

McFARLAND, J.—Motion to dismiss appeal. For the reasons given in the opinion heretofore delivered on this motion (*post*, p. 700) the motion to dismiss the appeal from the order distributing the estate of the deceased must be denied. It appears that a certain stipulation of July 22, 1901, printed in the transcript, which is copied in that opinion, was not signed by the attorneys for the appellants, the Moosers; but the attorneys of those appellants did sign a stipulation of that date, which is attached to the transcript in a type-written form, and is as follows: "It is hereby stipulated that the foregoing printed pages contain a full, true, and correct copy of the bill of exceptions, the petition for distribution of estate, the order distributing and assigning the residue of the estate, being the order appealed from, the notice of appeal, and of all papers used on the above petition for distribution of estate, in the court below, and that said printed pages are a full, true, and correct transcript of said papers. It is further certified that an undertaking on appeal in due form had been properly filed." The difference in the two stipulations does not affect the conclusion reached in the opinion.

The motion to dismiss the appeal is denied.

Van Dyke, J., Angellotti, J., Lorigan, J., and Henshaw, J., concurred.

BEATTY, C. J., concurring.—I concur in the order denying the motion to dismiss, but my concurrence is based solely upon the grounds discussed in my dissenting opinion in *Bell* v. *Staacke*, 137 Cal. 309. Aside from those grounds, and having regard only to the decision in that case, and other similar cases in which it has been held by this court that the right of appeal depends upon the entry by the clerk of the order or judgment of which a review is sought, I cannot see how the motion of the respondent can be denied. For the evidence submitted to this court shows very clearly that the notice of

appeal was served before the order in question was actually entered. The court, however, refuses to consider this evidence, and shuts its eyes to the fact which, according to the doctrine still adhered to, deprives us of jurisdiction. This course is justified upon the ground that the bill of exceptions contains a statement that on the twentieth day of May (which was prior to the notice of appeal) "the court made, entered, and filed an order distributing," etc., and the respondent has stipulated that the printed transcript is correct. But the stipulation of the respondent only admits that the papers in the transcript are correctly printed. It does not admit that the parties are to be bound, or that this court is to be bound, by a statement in the bill of exceptions which the superior court has no right to put in a bill of exceptions,—no right, that is to say, if it means what it is assumed to mean. According to my construction of the expression as quoted, the word "entered," as there used, has no meaning or relevancy to the point under consideration here. To say that the *court* "made, entered, and filed" an order does not show that the *clerk* had entered the order at length on the minute-book of the court. (Code Civ. Proc., sec. 1704.) What the court does is one thing, and what the clerk does is quite another. When the court has rendered its judgment, or filed its probate order, the function of the judge in that connection is ended. The duty of entering the judgment or order in the judgment-book is a merely ministerial duty devolving upon the clerk, and it is the performance of that duty by the clerk which, it is held, gives the right of appeal and constitutes the test of our jurisdiction. But how can the superior court know that the entry has been made, and, above all, how can it know when the copying was begun or completed, without taking evidence and determining its effect? To be able to say that a judgment or order was entered in the judgment-book at a certain date, the court must resort to the same evidence that is equally accessible to this court, and which this court is not only equally competent to weigh, but which, upon a question of its jurisdiction, it is exclusively competent to consider. If the entry in the judgment-book bears no date, and if, as the opinion of the court assumes, there is no provision of law for the authentication of the date of entry, then the question as to such date

must be decided upon evidence *aliunde*—matter *in pais*—the testimony, that is to say, of the clerk or the copyist, etc. What right, then, has the superior court, in settling a bill of exceptions, to forestall the action of this court by hearing the evidence and putting its conclusions into the bill of exceptions? And what right have we to refuse to consider a question vital to our jurisdiction, because the superior court has assumed to decide it for us? It may be that upon the same evidence we would have reached a different conclusion. It may be there would be offered for our consideration other and additional evidence demanding a different conclusion.

For these reasons I am not prepared to admit that the superior court can conclude the jurisdiction of this court by a statement in the bill of exceptions that the clerk's entry of a judgment or order was made at a particular date.

Neither am I willing to admit the correctness of the statement in the opinion of the court that "the code does not seem to provide anywhere for an authentic record of the date of the entry of the judgment or order appealed from." As to judgments, at least, such provision is clearly made in section 670 of the Code of Civil Procedure, which requires the clerk, immediately after entering the judgment, to make up and file the judgment-roll. This means that he must indorse the roll as filed on a particular date, and authenticate the indorsement by his official signature. This, in the absence of other evidence, would, on the presumption that official duty has been duly performed, be authentic evidence that the judgment had been entered immediately before on the same day. This provision, it is true, does not apply to probate orders. But as to them, and indeed as to judgments, the requirement that they must be entered implies that the date of entry should be affixed to the record. This proposition is sustained by the decision in the case of *Harnish* v. *Bramer*, 71 Cal. 155, which the court cites as conclusive against the position of respondent. There the court refused to hear evidence, or to consider a certificate of the county clerk that the judgment was entered in October, because the record showed that it had been entered in September. As there was no bill of exceptions in that case (see original record), it must have appeared from the judgment-roll. The truth is, it did not appear from the judgment-roll as printed in the transcript,

and the statement of "the court" to that effect is erroneous.
The only way it was made to appear was by a supplementary
certificate of the clerk showing the date of the file-mark on
the judgment-roll. But, disregarding this erroneous state-
ment, *Harnish* v. *Bramer*, 71 Cal. 155, if it is authority for
anything, is authority for the proposition that without a bill
of exceptions the record—that is, the judgment-roll—will
show the date of entry of the judgment.

To recapitulate: The statement in the bill of exceptions
relates only to what was done by the *court* on the 20th of May.
It does not pretend to state when the clerk entered the judg-
ment, the only fact with which, under the doctrine of the
court, we are at all concerned. But if the statement could be
held to refer to the entry of the clerk, it is a statement which
we should be obliged to disregard as an attempt by the supe-
rior court to forestall this court in the decision of a question
affecting our jurisdiction, which it is not only our right, but
our duty, to decide for ourselves.

There is a fact mentioned incidentally in the court's opin-
ion which lends some support to its conclusion, though it is
not made the ground of decision. It seems that this so-called
bill of exceptions was not settled by order of the court, but
by stipulation of the parties, and the statement that the order
was entered on the 20th of May may therefore be treated as a
fact stipulated, nowithstanding its improper insertion in the
bill of exceptions, and as a stipulated fact it might, in the inter-
ests of justice, be liberally construed as referring to the
act of the clerk, and not to the act of the court, as apparently
it does. I should have been willing to acquiesce in this con-
struction of a stipulation, and to have concurred in the view
—if the court had so held—that the appellant having acted
upon the stipulation, the respondent must be held to be es-
topped to contradict it. But I do not understand that the
decision is placed upon the ground of estoppel, and in the
case of *Bell* v. *Staacke*, 137 Cal. 309, although there were
ample grounds of estoppel, that proposition was completely
ignored.

This case furnishes another illustration of the mischiefs
resulting from a false construction of the code provision as
to the time for taking appeals, a construction that it would
be wise to frankly abandon instead of consuming valuable

time in the effort to discover reasons for not applying it in particular cases.

SHAW, J., concurring.—I concur, generally, in the opinion of Mr. Justice McFarland, but I wish to qualify it slightly. From the language of the opinion given upon the former hearing, in connection with that this day rendered, it might be inferred that it was proper for a bill of exceptions on appeal from a judgment or order to show the date of the entry of the judgment, and that this statement could be used as evidence of the date upon a motion to dismiss the appeal. I do not think the opinions intend to sanction this proposition, and if they did I am not prepared to agree to it. The bill in question here was not settled by the judge. He was absent, and the parties stipulated that it was correct and should be used accordingly, as if it had been regularly settled. It was therefore something more than a bill of exceptions. It was a stipulation of the parties to the effect that the entry of judgment took place on a certain day. It is too late for a party to dispute the truth of this stipulation after the appeal has been taken, and upon a motion to dismiss the appeal on the ground that it was premature. The stipulation was made after the appeal was taken, and within the time when a new appeal could have been taken, if the appellant had been aware of the claim that the judgment had not been entered. It is to be presumed that the appellant relied on the stipulation, and the respondent, having remained silent until—conceding his claim as to the date of entry— the time for appeal had passed, so that, if the respondent were correct, the appellant would have lost his right, an estoppel arises against the respondent, and prevents him from now disputing the date as stated in the bill.

But I am further of the opinion that the motion to dismiss the appeal should be denied, for the reasons given in the dissenting opinion of the chief justice in *Bell* v. *Staacke*, 137 Cal. 309, to the effect that the right of appeal begins when the judgment is rendered, and before it is entered, and continues until the expiration of the time prescribed by the statute after the judgment is entered. I fully concur in all that is said in that opinion.

The following is the opinion above referred to in the opinion of Mr. Justice McFarland, rendered in Bank on the 22d of September, 1902:—

McFARLAND, J.—Motion of respondents to dismiss an appeal from an order distributing the estate of the decedent. The ground of the motion is, that the notice of appeal was filed and served before the entry of the order, and was therefore premature. The notice of appeal is dated June 6, 1901, and it was given on the theory that the order appealed from was entered May 20, 1901, the day on which it was signed and filed. Respondents contend that it was not entered until June 14, 1901, which was of course a few days subsequent to the notice of appeal.

The transcript on appeal contains a bill of exceptions setting forth quite fully the proceedings had on the petition for distribution, and, among other things, it is stated therein positively that "afterwards, to-wit, on the *twentieth day of May,* one thousand nine hundred and one, the court made, entered, and filed an order distributing and assigning the residue of the estate of the said Henry Pichoir, which order was in words and figures following." The judge of the court below being absent from the state at the time, respondents and appellants stipulated in writing that "the bill of exceptions shall be deemed and taken for all purposes to be settled, allowed, and approved as of this date, with like force and effect as if settled, approved, and certified by said judge." Counsel for respondents also, on July 22, 1901, signed the following stipulation to the transcript: "It is hereby expressly stipulated and agreed that the foregoing printed pages contain full, true, and correct copies of the bill of exceptions; the order distributing and assigning the residue of the estate, the order appealed from; the notice of appeal; and of all papers used on the hearing in the court below; that the same constitute a full, true, and correct transcript on appeal in this case; that the said transcript shall be and constitute the record on appeal to the supreme court of the state of California from the said order, and that all proceedings were duly taken and *all notices were given in due time,* and a good and sufficient undertaking on appeal was given as required

by law." The transcript was filed here on August 5, 1901, and it constitutes the record in this court.

A former motion to dismiss the appeal was made on the same ground as that upon which the present motion is based, and on the former motion respondents offered a certificate of the clerk of the court below, and an affidavit of one of his deputies, to the effect that the order appealed from was not entered before June 14, 1901. Appellant objected to such evidence as not admissible to contradict the transcript, and the objection was sustained, and the motion denied "without prejudice." Afterwards respondents moved the court below to amend the bill of exceptions so as to make the same show that the order appealed from was not entered at length until June 14, 1901; but the court refused to make the amendment.

The point relied on by respondents seems to have been definitely decided against their contention by the decision of this court in *Harnish* v. *Bramer,* 71 Cal. 155,—the point there decided being the identical one involved here. In that case the court say: "Objection is made by respondents that the judgment was not entered in the cause until after this appeal was taken, and a certificate of the clerk of the superior court in support of the position filed, showing that judgment was entered 'on October 5, 1885, or within a few days after said date,' etc. The record before us shows on its face that the judgment was entered September 7, 1885, and counsel for respondents, having stipulated that the transcript is correct, cannot be heard to impeach it by showing the entry of judgment at another and later date." Counsel for respondents contend, however, notwithstanding that decision, that the question whether or not an appeal was taken within the proper time goes to the jurisdiction of this court, and cannot be evaded by a stipulation of the parties. No doubt, jurisdiction cannot be given this court by the waiver of a party of the absence of a fact necessary to jurisdiction; but in the case at bar the question is as to the fact itself, and the proper evidence of it—and not as to its waiver. The code does not seem to provide anywhere for an authentic record of the date of the entry of the judgment or order appealed from; and, therefore, it seems entirely proper for such date, when material, to be made part of the record by a bill of exceptions.

If, however, it could be held that, notwithstanding the statement in the transcript, solemnly stipulated to be true by the parties as to the date of the order, other evidence can be considered for the purpose of disproving the record on that point, still no such other evidence sufficient for that purpose has been presented. The evidence relied on is a memorandum on the margin of the page of the minute-book where the entry of the order appealed from commences, made by a copyist in the employ of the clerk who testified that he had no recollection of the matter, but that it was his custom to make such a memorandum when he commenced to make such an entry. This marginal memorandum is as follows: ''Recorded June 14, 1901.'' There is no statutory provision to which our attention has been called providing for such a marginal memorandum, or making it, in any way, a judicial record. There are provisions that certain probate orders shall be ''recorded'' in the office of the county recorder; but there are none about a copyist of a county clerk, or the clerk himself, noting on the margin of the minute-book where a probate order is ''entered'' that it was commenced to be ''recorded'' at a named date. This memorandum, therefore, affords no evidence to disprove the transcript on appeal on the subject,—even on the theory, contrary to *Harnish* v. *Bramer*, 71 Cal. 155, that the transcript is not conclusive. This view makes it unnecessary to consider the evidence introduced by appellant of an entry by the clerk of the court below in the register of actions that the order appealed from had been entered on May 20, 1901.

We think that the statement in the transcript, that on May 20, 1901, the court ''made, entered, and filed'' the order in question, means that it was entered in the manner provided by law; it must have been so understood by this court when the former motion to dismiss was denied.

Under the above views we need not consider appellant's contention that respondents should be held to be estopped by their conduct from seeking to dismiss the appeal after the time for taking another appeal had passed.

The motion to dismiss the appeal is denied.