[S. F. No. 3647. In Bank.—June 9, 1904.]

In the Matter of the Estate of ALEXANDER P. MORE, Deceased. CORNELIA A. BALDWIN, Appellant, v. SANTA ROSA ISLAND COMPANY et al., Respondents.

APPEAL FROM DECREE OF DISTRIBUTION—NOTICE BEFORE ENTRY—DISMISSAL.—This court has no jurisdiction of a premature appeal from a decree of distribution the notice of which was served before the final entry of the decree of record in the minutes of the court, and an appeal so taken must be dismissed.

ID.—JURISDICTION NOT PRESUMED.—The jurisdiction of this court cannot be presumed, but must be made to appear by facts showing it.

ID.—RECITAL IN NOTICE OF APPEAL—ACKNOWLEDGMENTS OF SERVICE—BILL OF EXCEPTIONS—STIPULATIONS—WAIVER — ESTOPPEL.— A recital in the notice of appeal that the judgment was entered on the date of its rendition, and the acknowledgments of service thereon by the attorneys for the several respondents and the use of the word "entered" in the bill of exceptions do not constitute a stipulation that the decree was then entered, nor can any stipulation or waiver or estoppel of the parties confer jurisdiction upon this court if the facts do not warrant it.

ID.—CERTIFICATE OF CLERK—UNAUTHORIZED INFERENCE.—The attorney for the appellant was not justified in inferring from a certificate of the clerk that the decree of distribution, a copy of which was furnished to the attorney, "was then on file and of record in the clerk's office," that it had been fully recorded in the minute-book of the court.

MOTION to dismiss an appeal from a decree of distribution of the Superior Court of the City and County of San Francisco. J. V. Coffey, Judge.

The facts are stated in the opinion.

T. M. Osmont, for Appellant.

Charles W. Slack, for Santa Rosa Island Company, Respondent, moving to dismiss appeal.

CHIPMAN, C.—Cornelia A. Baldwin appealed to this court from the decree of distribution in the above-entitled matter. Respondent, Santa Rosa Island Company, served and filed its motion to dismiss the appeal, which motion is now to be determined. The grounds of the motion as stated therein were: 1. That the appeal was prematurely taken; that the notice of appeal was filed on July 20, 1901, whereas the decree appealed from was not entered at length in the minutes of the superior court until September 27, 1901; 2. That said Cornelia A. Baldwin is not a proper party appellant, and was not aggrieved by any of the provisions of the decree of final distribution; 3. That Eliza M. Miller, as administratrix of the estate of said More, deceased, and Eliza M. Miller, as a distributee under said decree, are necessary parties respondent, in that she is an adverse party to said appellant in both said capacities, and will be affected by a reversal of said decree or modification thereof, and no notice of appeal was served upon her in either of said capacities, within the time allowed by law.

It appears on the face of the transcript that the decree was signed as follows: "Done in open Court this 21st day of May, 1901. J. V. Coffey, Judge of the Superior Court. [Indorsed.] Filed May 21st, 1901, Wm. A. Deane, Clerk, by V. F. Northrop, Deputy Clerk." The notice of appeal is dated July 20, 1901, and reads: "You will please take notice that Cornelia A. Bladwin hereby appeals to the supreme court of the state of California from the decree of distribution made and entered in the above-entitled matter on or about twenty-first day of May, 1901, and from the whole thereof." The notice is directed to the clerk of the court and to sundry parties and their attorneys, including all interested parties except Eliza M. Miller, as above shown. Acknowledgment of

service of the notice of appeal is in the following terms: "Service and receipt of copy of notice of appeal of Cornelia A. Baldwin from decree of distribution made and entered in the above-entitled matter on or about 21st day of May, 1901, admitted this 20th day of July, 1901." Signed by the attorneys of all the respondents. The certificate of the clerk is in the usual form as to correctness of the copies of papers in the transcript and the filing of an undertaking. The bill of exceptions shows that when respondent Santa Rosa Island Company offered its deed to an interest in the property involved, counsel for appellant objected to the admission of the deed on the ground that the attorney in fact who signed it for his principal had no sufficient authority. The objection was overruled and appellant excepted: "and also excepted to the decree of distribution entered in said matter in so far as it awarded a portion of said estate to said Santa Rosa Island Company."

The transcript shows only the date of the *rendition* of judgment,—May 21, 1901,—and does not show when it was entered. But the appeal cannot be considered unless the notice was given within sixty days "after the *entry* of judgment," and it has been uniformly held since the adoption of the codes that an appeal taken from the judgment is premature and confers no jurisdiction on this court where notice is given prior to the *entry* of judgment. (Code Civ. Proc., sec. 939; *Bell* v. *Staacke,* 137 Cal. 307, and cases cited.) The record failing to show any entry of judgment, it does not appear that this court has jurisdiction.

Appellant claims, however, that the language of her notice of appeal and of the acknowledgment of service thereof, and her use of the word "entered" in making her objection to the decree of distribution in the bill of exceptions, constitute the equivalent of a stipulation that the decree was entered upon May 21, 1901, and could not be contradicted by evidence. (Citing *Harnish* v. *Bramer,* 71 Cal. 155; *Estate of Mackay,* 107 Cal. 303; *Estate of Pichoir,* 139 Cal. 694.) We think the word "entered" used in connection with the objection to the decree can have no significance other than to identify the document referred to in the objection. It certainly is not record evidence that the decree was in fact entered when the objection was made, for it had not at that moment been ren-

dered; nor do we think it evidence of such fact because the word "entered" was used later on when making up the bill of exceptions. More significance may perhaps be given to the notice of appeal and the acknowledgment of service, but we cannot regard them as being equivalent to a stipulation to the correctness of the transcript, as where the transcript shows on its face that on a date named "the court made, entered, and filed an order distributing and assigning the residue of the estate, . . . which order was in words and figures following," as was the case in *Estate of Pichoir,* 139 Cal. 694, or as was the case in *Harnish* v. *Bramer,* 71 Cal. 155. In the case here the date named is not certain, but is stated to be "on or about the 21st of May, 1901," and the record does not purport to show that the decree was then entered. It is possible that the judgment may have been entered at length in the proper record on the day it was rendered, but the probability is that some time elapsed before the entry was so made. In any event, we cannot presume that it was entered on that particular day. Jurisdiction must be made to appear by facts, and not by presumptions. The question here, as was said in the *Estate of Pichoir,* "is as to the fact itself and the proper evidence of it—and not as to its waiver." A stipulation is an agreement of the attorney entered into for the purpose of binding his clients, so far as he may do so (Code Civ. Proc., sec. 283; Anderson's Law Dictionary, title "Stipulation"), whereas in the acknowledgments of service of notice of appeal the purpose is to supply evidence of service, and neither purports to be, nor in any sense is it, an agreement that its recitals are true in fact, and we do not see how it can be made equivalent to a stipulation that the decree was entered at length in the minutes of the court of the date named. It is well settled that jurisdiction is conferred by statute, and not by stipulation (*Estate of Scott,* 124 Cal. 671); and, as was the case in *Estate of Pichoir,* the stipulation did not operate to confer jurisdiction, but was treated as an agreement that the facts recited in the record were correct, which facts, and not the stipulation, must be examined in order to ascertain whether jurisdiction exists to have an appeal.

As, therefore, the record fails to show the date when the decree was entered, appellant seeks to show this fact by affidavits filed in support of the motion and in reply thereto.

Whether this may be done is a question not necessary to be determined in the present case, for the reason that in our opinion the facts there appearing cannot, in the present case, aid appellant.

From these affidavits it appears that there was a rough minute-book kept, in which was briefly noted the proceedings of the court each day as they occurred, but this minute-book did not contain or purport to contain decrees and orders entered at length. In this minute-book there was made the following entry: "May 21st, 1901, 14,070. In the Matter of the Estate of A. P. More, deceased. Signing decree of distribution: Granted. Decree of distribution made and filed." There was also another record called minute-book 295, in which decrees and orders in probate were entered at length, and this was the only record in which such entries were made. In this book, at pages 233 to 241, inclusive, the decree in question was entered at length, showing when signed by the judge and filed by the clerk. Upon the margin of page 233, at the head of the entry, was written by the copyist who entered the decree the following: "Recorded Sept. 27, 1901." On the decree itself, after being entered at length, was indorsed by this copyist the following: "M. B. 295, p. 234," referring to the book and *second* page, where the entry would be found. There was also kept a *docket*, called a register, in which was entered daily an abstract in brief of the proceedings such as orders and decrees of court as they occurred. In the register known as supplemental register A, at page 103, was entered by a clerk, who testified to the fact, the following: "May 21st, 1901. Decree of final distribution m. e. & f. in proceedings numbered 14070, in the Matter of the Estate of A. P. More, deceased." The letters "m. e. & f.," it was testified, meant made by the judge, entered in the rough minutes, and filed. Another clerk testified that after the decree had been entered at length in the minute-book 295 he, in pursuance of the custom of the office, wrote in red ink in this supplemental register A immediately following the above entry as follows: "M. B. 295, p. 234." And he testified that this entry means "Minute-book, numbered 295, page 234, and designates the second page in the said minute-book in which the said decree . . . had been entered at length."

Mr. T. M. Osmont, attorney for appellant, deposed at some

length. He does not assume to speak from personal knowledge as to when the decree was entered. His statement goes rather to the steps taken by him to learn the fact and to explain why he acted upon the assumption that the decree was entered at length May 21, 1901. He deposed: That on June 14, 1901, he procured from the then clerk, Mr. Deane, a copy of the decree, attached to which was a certificate, "certifying that said decree was then on file and of record in his office." "Affiant further states that in addition to said certificate affiant learned that the register in said county clerk's office contained the entry that said decree was made, entered, and filed on said 21st day of May, 1901; that relying upon the truth of said certificate and said register entry, affiant, on the 20th day of July, 1901, served the notice of appeal," and that he was not aware of the fact, if it was the fact, that the decree was not actually recorded until September 27, 1901, nor was he aware of any marginal note to that effect in the minute-book, and had no knowledge of the fact until the moving papers herein were served upon him. He then recites the steps taken to appeal, as already shown, and adds that appellant's time for filing brief herein on the appeal was extended by respondent without any intimation that any claim would be made that the appeal was prematurely taken.

We think it satisfactorily appears that the decree in question was not entered, within the meaning of the statute, at the date claimed by appellant, and that the only date which can be given for such entry is September 27, 1901. The fact is undisputed that the only minute-book in which the decree was entered shows the date to have been September 27th, and there is no evidence that the record was tampered with in any way, and there is no evidence to impeach its verity.

Mr. Osmont states that he was furnished a copy of the decree by the clerk certifying that said decree "was then on file and of record" in the clerk's office. This is not a certificate that the decree had been previously entered at length, and did not justify the assumption that it had been so entered. He also states that in addition to said certificate he learned that the register in the clerk's office contained the entry "that said decree was made, entered, and filed on said 21st day of May, 1901." How he learned this does not appear. If he had looked at the register he would have seen

that the entry there made conveyed no such meaning on its face, but required explanation, as the entry there was ''m. e. & f,'' and inquiry on his part would have at once shown that the entry did not mean that the decree had been entered at large in the minute-book kept for that purpose.

It was held in *Estate of Pearsons*, 119 Cal. 27, that an entry in the clerk's register of actions noting an entry of decree in the minutes, which had in truth no reference to its final entry at large in the minute-book, but only to an entry made by the courtroom clerk in his rough daily minutes of proceedings, is not such an entry as could be conclusive in favor of appellant that the decree had been finally entered, where it appears that they could have ascertained the true meaning of the entry by inquiry in the clerk's office; and although appellants were misled by such entry in the register, through failure to make inquiry, that fact ''cannot confer rights upon them which they otherwise have not.'' Nor can appellant claim that respondent is estopped from urging its motion because it granted appellant further time to file a brief, and did not then notify appellant of its intention to make the motion. What effect, if any, would have followed if respondent had asked for further time to reply to appellant's brief need not be considered. It was said in *Estate of Pearsons*, 119 Cal. 27: ''The objection that respondents are estopped by their acts from pressing this motion cannot avail appellants, even if it be conceded that the facts show such estoppel. When the appeal is premature, equally with where it is too late, this court has no jurisdiction to entertain it, and, upon the fact appearing, it will be dismissed by the court's own motion.'' The cases sustaining the rule in *Bell* v. *Staacke*, 137 Cal. 307, will be found collected in Spelling's New Trial and Appellate Practice, sections 532 and 653, and notes.

It is unnecessary to consider the other grounds of the motion for dismissal.

It is advised that the motion be granted and the appeal dismissed.

Gray, C., and Harrison, C., concurred.

For the reasons given in the foregoing opinion the motion to dismiss is granted and the appeal dismissed.

McFarland, J., Lorigan, J., Van Dyke, J.

ANGELLOTTI, J., concurring.—I concur in the judgment. If the question as to the jurisdiction of this court to entertain an appeal from a judgment or order, taken before the entry of such judgment or order, were an open one, I might come to a different conclusion. The question is, however, purely one of construction of certain statutory provisions, which has been determined by this court adversely to the contention of appellant in the following cases, viz.: *McLaughlin* v. *Doherty,* 54 Cal. 519; *Thomas* v. *Anderson,* 55 Cal. 43; *People* v. *Center,* 66 Cal. 567, 570; *Kimple* v. *Conway,* 69 Cal. 71; *Schroder* v. *Schmidt,* 71 Cal. 399; *Tyrrell* v. *Baldwin,* 72 Cal. 192; *Estate of Rose,* 72 Cal. 577; *Onderdonk* v. *San Francisco,* 75 Cal. 534; *Coon* v. *Grand Lodge,* 76 Cal. 354; *Home for Inebriates* v. *Kaplan,* 84 Cal. 486; *McHugh* v. *Adkins,* 117 Cal. 228; *Wells* v. *Kreyenhagen,* 117 Cal. 329; *Estate of Pearsons,* 119 Cal. 27; *Wood* v. *Etiwanda Water Co.,* 122 Cal. 152; *Estate of Scott,* 124 Cal. 671; *Estate of Devincenzi,* 131 Cal. 452; *Bell* v. *Staacke,* 137 Cal. 307. The first of these decisions was rendered in 1880, and this court has ever since adhered to the construction there given to the statute. The settled construction of a statute, acquiesced in for many years by the legislative department of the state (as shown in this case by the failure of that department to make any change in the statute in the respect indicated, notwithstanding the amendment of the same statute in other particulars), is in effect a part of the statute itself, and should not be changed by the courts.

Henshaw, J., concurred.

BEATTY, C. J., dissenting.—I dissent upon the grounds stated in my opinion in *Bell* v. *Staacke,* 137 Cal. 307. We have here another striking illustration of the injustice resulting from the enforcement of a rule which derives no support from the principle of *stare decisis,* and seems to have nothing to recommend it aside from the fact that it has been made the instrument of similar injustice in many previous instances.

Shaw, J., concurred.