(October 1, 1919.)

## MARRIETTA PEDERSEN, Respondent, v. PRISCILLA MOORE, Appellant.

[184 Pac. 475.]

DIMINUTION OF RECORD—NEW MATTER—JURISDICTION PRESUMED—DISMISSAL OF APPEALS—WILL CONTEST EQUITABLE PROCEEDING—WAIVER OF OBJECTION TO VERDICT—EVIDENCE—LEADING QUESTIONS.

1. Matters not properly a part of the judgment-roll or of a bill of exceptions duly settled, and which were not raised in the lower court or considered there, will not be considered on appeal when brought up on a suggestion of diminution of the record.

2. Where there is nothing in the record to indicate an absence of jurisdiction in the district court, such jurisdiction will be presumed, and recitals in the findings of that court showing jurisdiction are conclusive against a collateral attack.

3. Where appeals are taken from an order denying motion for judgment notwithstanding the verdict, and from an order denying motion for a new trial, and the record contains no certificate showing what papers were submitted to the trial judge and used by him on the hearing of such motions, said appeals will be dismissed.

4. A proceeding to contest the probate of a will is in its nature equitable, but the parties to such proceeding have the right to demand a jury if authorized by statute.

5.   Objection to irregularity or informality in a verdict or special interrogatory must be taken at its rendition and before the jury is discharged; otherwise such objection will be deemed to have been waived.

6.   Evidence on behalf of appellant examined and held insufficient to justify disturbing the verdict of the jury and findings of the lower court.

7.   The allowance of leading questions in the examination of a witness is a matter in the discretion of the trial court, and such action on its part will not be disturbed unless an abuse of discretion is shown.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County.   Hon. Ed. L. Bryan, Judge.

Proceedings for the probate of a will and lost codicil. Judgment for contestant, and orders denying a motion for judgment notwithstanding the verdict and for a new trial. Appeal from orders dismissed.   *Judgment affirmed.*

Finley Monroe and Scatterday & Van Duyn, for Appellant.

The jurisdiction of the court from which an appeal comes is fundamental; the parties cannot waive the want thereof, and the want of jurisdiction will be noticed though not challenged in the trial court.   (*First National Bank of Poteau v. School District No. 49* (Okl.), 160 Pac. 68; *Weyman Bruton Co. v. Ladd,* 231 Fed. 898, 146 C. C. A. 94; *Ft. Dodge Lumber Co. v. Rogosch,* 175 Iowa, 475, 157 N. W. 189; *People ex rel. Buckbee v. Biggs,* 171 App. Div. 373, 156 N. Y. Supp. 1038; *Springfield S. W. R. R. Co. v. Schweitzer,* 246 Mo. 122, 151 S. W. 128; *Wisconsin Real Estate Co. v. Milwaukee,* 151 Wis. 198, 138 N. W. 642.)

"The objection to the jurisdiction of the court is never waived and may be raised for the first time in the supreme court."   (*Aram v. Edwards,* 9 Ida. 333, 74 Pac. 961; *Idaho Trust Co. v. Miller,* 16 Ida. 308, 102 Pac. 360; *Keenan v. Chastain* (Okl.), 157 Pac. 326; *Cummings v. McDermid,* 4 Okl. 272, 44 Pac. 276; *De Baca v. Wilcox,* 11 N. M. 346, 68 Pac. 922.)

The question whether an appeal is allowed by statute is one of jurisdiction, which can be raised at any time and in any manner, and the appellate court must raise it on its own motion. (*Beechwood v. Joplin-Pittsburg Ry. Co.,* 173 Mo. App. 371, 158 S. W. 868; *United States Express Co. v. Hurlock,* 120 Md. 107, Ann. Cas. 1915A, 566, 87 Atl. 834; *Deerfield Lumber Co. v. Lyman,* 89 Vt. 201, 94 Atl. 837.)

R. E. Haynes, W. A. Stone and Eustace & Groome, for Respondent.

This action is one in the nature of an equitable proceeding, but one in which the court has a right to call a jury to pass upon certain issues of fact. (2 Church, New Probate Law and Practice, 1664, 1669; *Clough v. Clough,* 10 Colo. App. 433, 51 Pac. 513; *Wright v. Young,* 75 Kan. 287, 89 Pac. 694; *State v. Second Judicial District Court,* 25 Mont. 355, 65 Pac. 120; *In re Clayson's Estate,* 26 Wash. 253, 66 Pac. 410; *Cartwright v. Holcomb,* 21 Okl. 548, 97 Pac. 385; *Estate of Dolbeer,* 153 Cal. 652, 15 Ann. Cas. 207, 96 Pac. 266; *Gallon v. Haas,* 67 Kan. 225, 72 Pac. 770; *Pine v. Callahan,* 8 Ida. 684, 71 Pac. 473.)

If there is any defect in the form of the verdict, objections must be made at the proper time and cannot be raised for the first time on application for a new trial. (*Bernier v. Anderson,* 8 Ida. 675, 70 Pac. 1027; *First National Bank v. Brown* (Okl.), 162 Pac. 454; *In re Hellier's Estate,* 169 Cal. 77, 145 Pac. 1008; *Schumacher v. Moffitt,* 71 Or. 79, 142 Pac. 353; *Bee-Hive Mercantile Co. v. Insurance Co. of North America,* 92 Kan. 341, 140 Pac. 854; *Manhattan Wholesale Grocery Co. v. Westchester Fire Ins. Co.,* 92 Kan. 336, 140 Pac. 853; *Kuhl v. Supreme Lodge, Select Knights & Ladies,* 18 Okl. 383, 89 Pac. 1126; *List v. Jockheck,* 59 Kan. 143, 52 Pac. 420; *Taylor v. Parenteau,* 23 Colo. 368, 48 Pac. 505.)

The law permits leading questions to be asked under the direction of the court of such witnesses as the court may permit who may have been called by the party examining them. (Sec. 6077, Rev. Codes; Jones on Evidence, sec. 817.)

REDDOCH, District Judge.—Henry T. Shaw died on December 6, 1913, in Canyon county, Idaho, leaving estate therein. In July, 1904, the deceased executed an olographic will in favor of appellant and others, which was revoked by his subsequent marriage to the respondent on June 11, 1908. Shortly after decedent's death, M. F. Albert and his widow (Marrietta Shaw) were duly appointed administrators of his estate. On February 23, 1915, appellant filed in the probate court of Canyon county a petition for the probate of the will made in July, 1904, which appellant contends was revived by a lost olographic codicil executed subsequent to decedent's marriage. Respondent filed objections to the probate of said will and lost codicil and appellant filed answer thereto. After a hearing had thereon, the probate court admitted the will and lost codicil to probate and issued an order revoking the letters of administration theretofore granted. Respondent appealed to the district court, where a trial *de novo* was had and the order of the probate court reversed, from which judgment and orders denying a motion for judgment, notwithstanding the verdict, and for a new trial, this appeal is prosecuted.

Respondent moved to dismiss the appeal upon the ground that the judgment of the district court is not appealable. It is a judgment rendered on an appeal from an inferior court, and therefore appealable under C. L., sec. 4807. The motion to dismiss is denied.

It is contended by appellant that the district court was without jurisdiction to try the case, basing this contention upon the ground that the appeal was perfected from the probate court to the district court before the entry by the clerk in the minutes of the probate court of the order admitting said will and lost codicil to probate. This question is raised by a certified copy of the orders of the probate court filed in this court pursuant to stipulation of counsel of a diminution of the record and an order of this court made in conformity to such stipulation. Appellant relies upon *Athey v. Oregon Short Line R. R. Co.*, 30 Ida. 318, 165 Pac. 1116,

and cases therein cited. Evidence of the entry of the order forms no part of the judgment-roll, under C. L., sec. 4456, and the same is not shown by any bill of exceptions and its consideration by this court would permit the introduction of new matter which was not raised in or considered by the court below. This cannot be done. (*In re Pichoir's Estate,* 139 Cal. 694, 70 Pac. 214; on rehearing, 139 Cal. 694, 73 Pac. 604; 4 C. J. 509, 510.)

Where there is nothing in the record to indicate a lack of jurisdiction in the district court, it will be presumed. (*Western Lumber & Mill Co. v. Merchants' Amusement Co. et al.,* 13 Cal. App. 4, 108 Pac. 891.) The findings of the court below recite that the judgment appealed from was duly entered and are conclusive against a collateral attack. (4 C. J. 775 and 787; 38 Cyc. 1987.) We therefore conclude that the want of jurisdiction is not properly shown.

The appeals from the order denying appellant's motion for judgment, notwithstanding the verdict, and from the order denying the motion for a new trial are dismissed, for the reason that the record does not contain a certificate showing what papers were submitted to the judge and by him used on the hearing of such motions, or either of them. (*Walsh v. Niess,* 30 Ida. 325, 164 Pac. 528; *Bumpas v. Moore,* 31 Ida. 668, 175 Pac. 339; *Bell v. Stadler,* 31 Ida. 568, 174 Pac. 129.)

Proceedings to contest the probate of a will are in their nature equitable, but one in which the parties, if authorized by statute, have the right to demand a jury. (2 Church, New Probate Law & Prac., pp. 1664 and 1669; *Pine v. Callahan,* 8 Ida. 684, 71 Pac. 473.)

Appellant contends that there was irregularity in the proceedings of the court and jury, in that the court submitted, and the jury found, a verdict not responsive to the issues. We have examined the form of special verdict submitted and returned, together with the evidence introduced, and think it sufficiently responsive. If there was any objection to the form of the special interrogatory, it should have been raised in the court below before the jury was discharged and an opportunity given to correct it. (38 Cyc. 1904 and 1932.)

It is next contended that the evidence is insufficient to justify the verdict. The burden was upon the appellant to establish to the satisfaction of the court and jury that the alleged lost olographic codicil was true and genuine. The 1904 will upon the trial was conceded to be the will of the deceased. Two half-brothers of appellant testified to seeing the lost instrument, distinctly remembering its contents, and one of them detailed its execution, custody and loss. No one else ever saw it and it was not sought to establish the same for more than a year after decedent's death. We have carefully examined the record and are convinced that the testimony offered in support of the alleged codicil is such that the jury and trial judge were fully justified in rejecting it as proof of the existence of that instrument. They saw and observed the witnesses, and we do not feel justified in disturbing their findings.

It is urged that the court erred in allowing respondent to cross-examine certain witnesses called by her in direct proof of her case. The trial court took the view that the case was one which, under C. L., sec. 6077, the asking of leading questions should be permitted. The witnesses thus examined were the only ones who claimed to know anything about the lost codicil, its contents, making and loss. We believe this a proper case for the court to exercise its discretion and permit the asking of leading questions. The allowance of leading questions is in the discretion of the trial court, and a case will not be reversed on this ground unless there is a manifest abuse of discretion. (40 Cyc. 2427; *McLean v. City of Lewiston*, 8 Ida. 472, 69 Pac. 478.)

We have examined the other assignments of error and find no reversible error therein.

The judgment appealed from is affirmed. Costs awarded to respondent.

Morgan, C. J., and Budge, J., concur.