STATE EX REL. BANK, RESPONDENT, *v.* TAYLOR, JUSTICE OF THE PEACE, APPELLANT.

(No. 2,196.)

(Submitted January 3, 1906. Decided January 8, 1906.)

*Appeal—Record—Omission of Judgment—Dismissal.*

1. An appeal from the judgment will be dismissed, where the only reference in the record that a final judgment had been entered, appears in a copy of the notice of appeal; since, in order to give the supreme court jurisdiction, the record must contain a copy of the judgment. (Code of Civil Proc., secs. 1176, 1736; Session Laws, 1899, p. 146.)

*Appeal from District Court, Silver Bow County; Michael Donlan, Judge.*

PROHIBITION by the state on the relation of Simon Bank to Cornelius Taylor, justice of the peace of South Butte township, Silver Bow county. From the judgment in favor of plaintiff the defendant appeals. Dismissed.

*Mr. James H. Baldwin,* for Appellant.

*Mr. M. F. Canning,* and *Messrs. Maury & Hogevoll,* for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Appeal from a final judgment, rendered by the district court

of Silver Bow county upon an application for a writ of prohibition to Cornelius Taylor, the justice of the peace of South Butte township in said county. That final judgment was in fact rendered and entered by the district court appears only from a copy of the notice of appeal found in the record.

On appeal from a judgment the record must contain a copy of the judgment-roll (Code of Civil Procedure, section 1736). There can be no judgment-roll without a copy of the judgment (Code of Civil Procedure, section 1176). Nor does an appeal lie until the judgment has been entered (Code of Civil Procedure, section 1722, as amended by Laws of 1899, page 146). It therefore does not appear from the record that this court has jurisdiction to review and dispose of the cause on its merits, and the appeal must be dismissed. (*Lisker* v. *O'Rourke*, 28 Mont. 129, and cases cited.) The appeal is dismissed.

*Dismissed.*

MR. JUSTICE MILBURN and MR. JUSTICE HOLLOWAY concur.