[S. F. No. 5344. In Bank.—June 10, 1910.]

In the Matter of Guardianship and Estate of JAMES C. DUNPHY, an Incompetent Person.

LYDIA M. DUNPHY, Wife of Alleged Incompetent Person, Appellant, v. JENNIE C. DUNPHY, Guardian, Respondent.

GUARDIANSHIP OF ESTATE OF INCOMPETENT PERSON—ORDER FILED BUT NOT ENTERED IN MINUTES — PREMATURE APPEAL DISMISSED.— Where an appeal was taken from an order of the superior court adjudging a person to be incompetent and appointing a guardian of his person and estate, subsequently to the filing of the order of the superior court adjudging him to be incompetent and appointing a guardian of his person and estate, but many days prior to the entry of the order at large in the minutes of the court, such appeal is premature, and must be dismissed.

ID.—GUARDIANSHIP PROCEEDINGS GOVERNED BY SAME RULE AS PROBATE PROCEEDINGS.—Guardianship proceedings are embraced within the same title which includes proceedings in estates of deceased persons, and are a part of what are generally denominated probate proceedings, and are expressly made subject to the same rules which govern estates of deceased persons.

ID.—ORDERS AND JUDGMENTS TO BE ENTERED UPON MINUTES—TIME FOR APPEAL.—The statute requires all guardianship and probate orders and judgments to be entered at large upon the minutes of the court; and by section 1715 of the Code of Civil Procedure an appeal must be taken within sixty days after the order, decree, or judgment is entered.

CLVIII Cal.—1

ID.—ESTABLISHED RULE—ENTRY ESSENTIAL—PREMATURE APPEALS—
WANT OF JURISDICTION—DISMISSAL.—It is a long-established rule
in this state that appeals in probate proceedings, including guardi-
anship proceedings, must be taken under section 1715; that the right
to take such an appeal accrues only after the entry of the order,
decree, or judgment appealed from; and that when it is taken before
the entry of the judgment or order upon the minutes of the court,
it is prematurely taken, and the appellate court has no jurisdiction
to entertain it, and such premature appeal must be dismissed.

ID.—TIME FOR APPEAL IN PROBATE PROCEEDINGS NOT EXTENDED BY
ALTERNATIVE METHOD—CONSTRUCTION OF CODE—INCONSISTENT PRO-
CEEDINGS.—The time for appeal in probate and guardianship pro-
ceedings, regulated by section 1715 of the Code of Civil Procedure,
is not extended or affected by the new alternative method of appeals
allowed to be taken within sixty days after the rendition of the
judgment, order, or decree appealed from, under section 941b of
that code. Under the special limitation of section 1714, regulating
probate and guardianship proceedings, the general provisions regu-
lating new trials and appeals are adopted only so far as consistent
with such proceedings, and section 1715, regulating appeals in such
proceedings, are so radically inconsistent with section 941b that
the method prescribed thereby is expressly excluded as a method of
taking an appeal in a probate or guardianship proceeding, which
must be taken exclusively under section 1715.

MOTION to Dismiss an Appeal from an order of the
Superior Court of the City and County of San Francisco
appointing a guardian of the estate and person of one ad-
judged incompetent. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Timothy J. Lyons, Bishop, Hoefler, Cook & Harwood, and
Raymond Benjamin, for Appellant.

J. H. Meredith, and Perry Evans, for Respondent.

LORIGAN, J.—This is a motion to dismiss an appeal.

On August 7, 1909, in the above proceeding an order was
made and filed in the superior court of the city and county of
San Francisco adjudging James C. Dunphy to be an incompe-
tent person and appointing a guardian of his person and
estate. On August 9, 1909, a notice of appeal to this court
from said order was given. On August 31, 1909, the order
made and appealed from was entered at length in the minute
books of the superior court.

The point made for a dismissal of the appeal is that it was prematurely taken. It is insisted that no appeal can be taken under section 1715 of the Code of Civil Procedure relative to appeals in probate proceedings until after the order appealed from is entered, and that as this appeal was taken before such entry it was prematurely taken and must be dismissed.

Guardianship proceedings are embraced within the same title as relates to proceedings in estates of decedents and are a part of what are generally denominated probate proceedings.

It is provided by section 1808 of the Code of Civil Procedure that "any order appointing a guardian must be entered as and become a decree of the court" and that the provisions of the code in the title above referred to relative to estates of decedents, as far as they relate to the practice in the superior courts shall apply to proceedings in guardianship. Section 1704 of the Code of Civil Procedure requires that orders and decrees of the court in probate proceedings must be entered at length in the minute book of the court. As to appeals—embracing the appeal from the order involved here—it is provided by section 1714 of the same code that "The provisions of part two of this code, relative to new trials and appeals—except in so far as they are inconsistent with the provisions of this title—apply to the proceedings mentioned in this title;" and by section 1715 following, "The appeal must be taken within sixty days after the order, decree, or judgment is entered."

It is long established by a uniform and unbroken line of authorities in this state that appeals in probate proceedings which, of course, include proceedings in guardianship, are governed exclusively by these sections of the code and must be taken under said section 1715; that the right to take an appeal accrues only *after* the entry of the order, decree, or judgment appealed from, and that where an appeal is taken *before* the entry of the judgment or order appealed from, it is prematurely taken, and this court has no jurisdiction to entertain it and such appeal must be dismissed. (*Ex parte Miller,* 109 Cal. 643-646, [42 Pac. 428]; *In re Rose,* 72 Cal. 577, [14 Pac. 369]; *In re Wiard,* 83 Cal. 619, [24 Pac. 45]; *Estate of Pearsons,* 119 Cal. 27, [50 Pac. 929]; *Estate of Scott,* 124 Cal. 671, [57 Pac. 654]; *Estate of Devincenzi,* 131 Cal. 452, [63 Pac. 723]; *Estate of More,* 143 Cal. 493, [77 Pac. 407]; and other

cases which might be cited and which will be found referred to in the above decisions.)

Under the authorities, as this appeal was taken before the order was entered, the motion now made to dismiss must be granted unless as contended by counsel for appellant, the time within which an appeal may be taken in probate proceedings has been enlarged by reason of sections 941a and 941b of the Code of Civil Procedure, and that thereunder the appellant is permitted to appeal from an order made in probate proceedings as in other cases as soon as the judgment or order is rendered, and before its entry in the minute book. His contention is, in invoking the aid of these sections, that while it is true, that before the adoption of said sections 941a and 941b, an appeal could not be taken until after the entry of the order appealed from in the minute book, the effect of these sections is to enlarge the right of appeal so as to permit it to be taken as soon as the rendition of the order by the court and before its entry in the minute book.

Section 941a provides that "appeals from all judgments, orders or decrees of any of the superior courts . . . which may, pursuant to law, be reviewed by the supreme court . . . may, in addition to other modes prescribed by law be taken pursuant to the provisions of the next section." This next section—941b—provides for the notice of appeal, its contents and other matters, and declares as to the notice of appeal that "this notice may be filed at any time after the rendition of the judgment, order or decree . . ." These are the sections, and particularly the latter, under which appellant asserts the right to take the appeal under consideration after the rendition of the order and before its entry.

But these sections, while they are general in their language, and, in the absence of any other controlling provision of the code, would have the effect claimed for them by appellant, still, by virtue of the limitation imposed by section 1714 of the Code of Civil Procedure, cannot apply to probate proceedings as far, at least, as the time within which an appeal may be taken from an order or judgment therein is concerned.

The sections invoked are found in part two, title thirteen, sections 936-980 of the Code of Civil Procedure, and apply generally to appeals in "civil actions," and declare when they must be taken.

Probate proceedings are embraced in part three of title eleven, sections 1294-1810 of the same code, and sections 1714 and 1715 thereof deal with the special subject of appeals from orders or judgments rendered therein, and control on that subject.

Under section 1714, the general provisions applying to appeals in civil actions which embrace sections 941a and 941b, can only apply to appeals in probate proceedings when they are not inconsistent with the provisions of the title applying; to appeals in such proceedings.

As section 1715 expressly declares that an appeal in such proceedings may be taken only after the entry of the order or judgment appealed from, and as section 941b, invoked by appellant and found in another title containing general provisions as to appeals in civil actions, provides that an appeal from an order or judgment may be taken after rendition and before the entry thereof, it is quite clear that the two sections are inconsistent with each other in point of time, and hence under section 1714, the time within which an appeal may be taken is controlled by section 1715 and cannot be taken until after the entry of the order. Counsel for appellant contends that both sections can be construed so as to be consistently applied; that section 1715 may be construed as a limitation upon the time within which the appeal may be taken; that is, it cannot be taken after the lapse of sixty days after the entry, but that as to when the right to take it shall accrue, section 941b fixes it at any time after the rendition of a judgment or order; that so construing the sections they harmoniously tend to fix the rendition as the time when the right to take the appeal accrues, and sixty days after entry as the time when the right is lost. There would be no trouble in so holding if the construction of those two sections were alone concerned. No valid reason can be urged why a party should be denied a right to appeal in probate proceedings immediately on the rendition of the judgment or order and before entry, and granted it generally in all civil actions, and a construction could be readily reached which would accord the enlarged right in all actions or proceedings. The insuperable obstacle, however, to a construction of these sections under the harmonious lines suggested by appellant is the language of section 1714. That section makes applicable to appeals in probate

proceedings only those general provisions on the subject, found in part two of the code, which are not inconsistent with provisions in the title embracing probate proceedings and providing for appeals therein, and excludes all other provisions which are inconsistent with the latter. As section 1715 fixes the time when an appeal may be taken in probate proceedings as after the entry of the order or judgment appealed from, and it has uniformly been held by this court that an appeal taken before that entry was made was prematurely taken, it would be a waste of time to attempt to argue that section 941b, permitting appeals to be taken on rendition of the order before its entry, is not inconsistent with the former section, and hence inapplicable under section 1714 to appeals in probate proceedings. There is such a radical inconsistency in point of time as to when the appeal may be taken under the several sections referred to as render them incapable of harmonious construction, and it necessarily follows that section 1715 must exclusively govern the taking of the appeal under consideration.

In the *Estate of Brewer,* 156 Cal. 89, [103 Pac. 486], a converse proposition to the one involved' here was considered by this court. There the motion was to dismiss an appeal from a final decree in probate, on the ground that it was taken more than sixty days after the entry of the decree. Appellant contended in support of his appeal that under section 941b he had six months after the entry of the decree within which to appeal, notwithstanding section 1715 required the appeal to be taken within sixty days after its entry. It was held that the time during which the appeal could be taken under section 941b was inconsistent with the limit prescribed by section 1715 governing probate proceedings, and that under section 1714, in view of this inconsistency, section 1715 exclusively applied. The appeal was therefore dismissed.

The legal situation here is practically identical with that presented in the Brewer case. The same sections of the code were under consideration and construction. In that case it was held that under section 1714 only those general provisions governing appeals which were not inconsistent with the provisions as to appeals in probate proceedings found in that title were applicable to the latter; that section 941b, allowing an appeal within six months after entry of the decree, was inconsistent in point of time with section 1715, specially ap-

plicable to appeals in probate proceedings, and which provided that the appeal should be taken within sixty days, and hence section 1715 controlled. Equally applicable is that conclusion to the matter at bar. Section 941b is inconsistent with section 1715 in point of time as to when the appeal may be taken; the first provides it may be taken before entry, the latter after entry. This inconsistency renders section 1715 alone applicable, and as the appeal under consideration was taken before entry of the order appealed from, when section 1715 provides that it must be after its entry, the appeal was prematurely taken and is dismissed.

Angellotti, J., Sloss, J., Shaw, J., Melvin, J., and Henshaw, J., concurred.

Rehearing denied.