(January 17, 1917.)

## EUGENE W. YEOMANS and KIRTLAND I. PERKY, Respondents, v. CHARLES H. LAMBERTON, Appellant.

[162 Pac. 674.]

MOTION TO DISMISS—ENTRY OF JUDGMENT—PREMATURE APPEAL.

1. Under the provisions of sec. 4807, Rev. Codes, as amended by chapter 80, Sess. Laws 1915, p. 193, an appeal taken before entry of judgment in the judgment-book is premature, and this court is without jurisdiction.

[As to oral announcement of decision by justice of the peace and judgment actually entered of record, and which controls as between them, see note in Ann. Cas. 1912A, 1283.]

APPEAL from the District Court of the Third Judicial District for Ada County. Hon. Charles P. McCarthy, Judge.

Motion to dismiss on the ground that appeal was prematurely taken. Motion sustained and appeal dismissed.

A. A. Fraser and V. P. Coffin, for Appellant.

A judgment is appealable as soon as rendered by the court in such form as to be enforceable, and it does not cease to be appealable until ninety days after it has been entered upon the judgment-book. (*Bell v. Staacke,* 137 Cal. 307, 70 Pac. 171 (dissenting opinion, Beatty, C. J.) ; *Ravenscraft v. Board of Commrs.,* 5 Ida. 178, 47 Pac. 942; *In re More's Estate* (dissenting opinion, Beatty, C. J.), 143 Cal. 493, 77 Pac. 407.)

Henry Z. Johnson, Wyman & Wyman and B. S. Crow, for Respondents.

"An appeal from a judgment will not lie until after judgment is entered, and, if taken before, will be dismissed for want of jurisdiction in the appellate court." (*Vollmer v. Nez Perces County,* 7 Ida. 302, 62 Pac. 925; 2 Sutherland, Pleading and Practice, sec. 1731; 2 Hayne on New Trial and Appeal, sec. 204, Rev. ed.)

RICE, J.—In this case the decision of the trial court, together with the judgment, were signed and filed with the clerk on February 29, 1916. The notice of appeal was served and filed March 7, 1916, and the undertaking on appeal was filed on March 11, 1916. The judgment was entered on March 14, 1916. Respondent moves to dismiss the appeal for the reason that the appeal was perfected prior to the time of entry of the judgment and therefore was prematurely taken.

The statute under which this appeal was taken is sec. 4807, Rev. Codes, as amended by chapter 80, Sess. Laws 1915, p. 193, the material part of which section reads as follows: "An appeal may be taken to the supreme court from a final judgment . . . . within ninety days after the entry of such judgment."

This court has held that under this statute it is essential that a judgment be entered before an appeal therefrom may be perfected. (*Vollmer v. Nez Perces County*, 7 Ida. 302, 62 Pac. 925; *Santti v. Hartman, ante*, p. 490, 161 Pac 249.)

This construction of the statute is supported by many authorities in other jurisdictions, among which the following may be mentioned: *Estate of Dunphy*, 158 Cal. 1, 109 Pac. 627; *Wood, Curtis & Co. v. Missouri etc. R. Co.*, 152 Cal. 344, 92 Pac. 868; *State v. Taylor*, 33 Mont. 364, 83 Pac. 597; *Robinson v. Salt Lake City*, 37 Utah, 520, 109 Pac. 817; *In re Christensen's Estate*, 77 Wash. 629, 138 Pac. 1; *Martin v. Smith*, 11 S. D. 437, 78 N. W. 1001; *Anderson v. Carlson*, 85 Neb. 711, 124 N. W. 145.

We are urged to reverse the rule in this state and hold that an appeal may be taken after the "rendition" of a judgment and within ninety days after its entry. We are of the opinion that the construction of the statute given above should be considered as settled, and if any change in the method of taking an appeal is to be made, it should be made by the legislature.

The appeal having been perfected before the entry of judgment, no jurisdiction is thereby conferred upon this

court, and the appeal must be dismissed.    Costs awarded to respondents.

Budge, C. J., and Morgan, J., concur.


ON PETITION FOR REHEARING.

(February 6, 1917.)

PER CURIAM.—A rehearing in this case has been requested upon the ground that it appears upon the record in the court from which said appeal is taken that the judgment of said court was duly entered prior to the time of perfecting the appeal.

At the argument on motion to dismiss the appeal, and also in their brief on file, counsel for appellant conceded that the judgment was not entered until after the appeal was perfected, and that thereafter the clerk attempted to enter the judgment *nunc pro tunc.*

The petition for rehearing will be denied.