(May 17, 1920.)

## W. OAKLEY STOUT et al., Appellants, v. J. W. CUN-NINGAM, Respondent.

[189 Pac. 1107.]

APPEAL AND ERROR—PREMATURE APPEAL.

An appeal which is prematurely taken does not confer juris-diction on this court and its dismissal, although on other than jurisdictional grounds, is not an affirmance of the judgment, nor does it defeat an appeal regularly taken within the time and in the manner prescribed by law.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Charles P. McCarthy, Judge.

Motion to dismiss appeal. *Overruled.*

Wood & Driscoll, for Appellants.

Where an appeal has been perfected before entry of judg-ment, no jurisdiction is thereby conferred on this court, and the appeal should be dismissed for want of jurisdiction. (*Yeomans v. Lamberton,* 29 Ida. 801, 162 Pac. 674; *Athey v. Oregon S. L. R. Co.,* 30 Ida. 318, 165 Pac. 1116; *City of Spokane Falls v. Browne,* 3 Wash. 84, 27 Pac. 1077.)

"Where an appellate court is without jurisdiction of the subject matter it cannot acquire jurisdiction by its decision; or otherwise its proceedings and judgment are absolutely void and they have no effect whatever on the proceedings or judgment of the court below." (3 C. J., p. 369, sec. 124; *Johnston v. Seattle Taxicab & Transfer Co.,* 89 Wash. 494, 154 Pac. 787; *Horan v. Wahrenberger,* 9 Tex. 313, 58 Am. Dec. 145; *Coffin v. Edgington,* 2 Ida. 627, 23 Pac. 80.)

"An appeal dismissed because there was nothing to ap-peal from will not preclude another appeal in the same case, when a record shall have been made up from which an appeal can be taken." (*In re Rose,* 80 Cal. 166, 22 Pac. 86.)

"The dismissal under such circumstances did not operate as an affirmance of the judgment." (*Kennedy's Estate*, 129 Cal. 384, 62 Pac. 64; *Brady v. Burke*, 90 Cal. 1, 27 Pac. 52; *Home for Care of Inebriates v. Kaplan*, 84 Cal. 486, 24 Pac. 119; *Consolidated Association of Planters v. Mason*, 24 La. Ann. 518; *Thompson v. Great Western Accident Assn.*, 136 Iowa, 557, 114 N. W. 31; *Vordermark v. Wilkinson*, 147 Ind. 56, 46 N. E. 336; *Ritzman v. Burnham*, 114 Cal. 522, 46 Pac. 379; *Pioneer Land Co. v. Maddux*, 109 Cal. 633, 50 Am. St. 67, 42 Pac. 295.)

Richards & Haga and Marvin C. Hix, for Respondent.

"The dismissal of an appeal is in effect an affirmance of the judgment or order appealed from, unless the dismissal is expressly made without prejudice to another appeal." (C. S., sec. 7169.)

It is clear from the record and the order of this court dismissing the first appeal that such dismissal was not "expressly made without prejudice to another appeal," and therefore the judgment of the district court dismissing the action was affirmed. (*West v. Dygert*, 15 Ida. 350, 97 Pac. 961; *Fahey v. Belcher*, 3 Ida. 644, 32 Pac. 1135; *Jackson v. Barrett*, 12 Ida. 465, 86 Pac. 270; *Owsley v. Warfield*, 7 Mont. 264, 17 Pac. 74; 3 C. J. 348; *Stimson v. Stimson*, 30 N. D. 78, 152 N. W. 132.)

This rule has uniformly been followed in California, from which state our statute was taken. (*Karth v. Light*, 15 Cal. 324; *Chamberlain v. Reed*, 16 Cal. 207; *Spinetti v. Brignardello*, 54 Cal. 521; *Garibaldi v. Garr*, 97 Cal. 253, 32 Pac. 170.)

The same rule is followed in Montana, which has a statute identical with ours. (*Owsley v. Warfield, supra; McIntosh Hardware Co. v. Flathead County*, 32 Mont. 254, 80 Pac. 239. See, also, *Johns v. Phoenix Nat. Bank*, 6 Ariz. 290, 56 Pac. 725.)

MORGAN, C. J.—On September 16, 1915, an order was made by the district judge sustaining respondent's demurrer

to appellants' complaint. On October 16, 1915, appellants having refused to further plead, an order, in effect a judgment dismissing the action, was signed by the judge and filed by the clerk of the district court, and on January 13, 1916, appellants filed their notice of and undertaking on appeal. That appeal was, on January 19, 1917, dismissed because of lack of diligence in its prosecution. (*Stout v. Cunningham,* 29 Ida. 809, 162 Pac. 928.)

The order, or judgment of dismissal of the action in the district court, was not entered in the judgment-book as required by Rev. Codes, sec. 4454, until January 24, 1917, and, therefore, the appeal which we dismissed was prematurely taken and did not confer jurisdiction on this court. (*Yeomans v. Lamberton,* 29 Ida. 801, 162 Pac. 674; *Athey v. Oregon Short Line R. R. Co.,* 30 Ida. 318, 165 Pac. 1116.)

Our lack of jurisdiction was not disclosed by the record, nor was it brought to our attention prior to the dismissal of the appeal, or our order would have been based on that ground and not on appellants' lack of diligence.

This appeal was perfected on April 24, 1917, and respondent has moved to dismiss it, and has assigned as ground therefor "that an appeal was heretofore taken by said appellants to the above-entitled court from the judgment entered in the district court of the third judicial district of the state of Idaho, in and for the county of Ada, and was not dismissed by the above-entitled court without prejudice to another appeal, thereby affirming the judgment of the district court."

The legislature is invested by the constitution, art. 5, sec. 13, with power to provide a proper system of appeals. Pursuant to that authority it enacted Sess. Laws, 1915, chap. 80, p. 193 (now C. S., sec. 7152), wherein it is provided that an appeal may be taken to the supreme court from a final judgment. Prior to the enactment of Sess. Laws, 1917, chap. 110, p. 389, an appeal could not be perfected from a judgment before it was actually entered. (*Yeomans v. Lamberton* and *Athey v. Oregon Short Line R. R. Co., supra.*)

At the time our decision dismissing the attempted appeal was made the judgment sought to be appealed from had not been entered, and the entire proceeding in this court was a nullity.

Our void order of January 19, 1917, cannot be construed to be an affirmance of a judgment which was thereafter entered, nor does it defeat an appeal regularly taken within the time and in the manner prescribed by law.

The motion is overruled.

Rice and Budge, JJ., concur.