(February 15, 1922.)

## J. W. GOADE, Appellant, v. CLARA GOSSETT, CHARLES GOSSETT, CLEVE V. FLEMMING and V. C. FLEMMING, Respondents.

[204 Pac. 670.]

JUDGMENT—ORDER DENYING NEW TRIAL—APPEAL—DISMISSAL.

1. Appeal from judgment taken after expiration of statutory time will be dismissed.

2. Appeal from order denying motion for new trial taken before such order is made will be dismissed.

3. A motion for new trial must be disposed of by an order of the trial court granting or denying such motion, and the simple announcement of the trial judge of what his decision will be is not such an order.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Motion to dismiss appeal. Granted.

G. W. Lamson, for Appellant, files no brief on motion.

Scatterday & Stone, for Respondents.

An appeal taken prior to the signing and filing of an order overruling a motion for a new trial, or prior to the entry of final judgment, is prematurely taken, confers no jurisdiction upon the supreme court, and will, on motion, be dismissed.   (C. S., sec. 7152; *Thompson v. Harris,* 30 Ida. 109, 163 Pac. 611; *Stout v. Cunningham,* 33 Ida. 83, 189 Pac. 1107; *Santti v. Hartman,* 29 Ida. 490, 161 Pac. 249; *Continental & Commercial Trust & Savings Bank v. Werner,* 33 Ida. 764, 198 Pac. 471.)

An appeal from a judgment not taken within the time prescribed by statute confers no jurisdiction upon the supreme court and will, on motion, be dismissed.  (C. S., sec. 7152; *Chapman v. Boehm,* 27 Ida. 150, 147 Pac. 289; *Thompson v. Harris,* 30 Ida. 109, 163 Pac. 611.)

Our statutes nowhere make provision that the filing of a notice of motion for new trial shall suspend the time within which a judgment becomes final and nonappealable, and the filing of such motion does not, in fact, have such effect. (*Times Printing & Pub. Co. v. Babcock,* 31 Ida. 770, 176 Pac. 776.)

DUNN, J.—In this case there was an appeal from the judgment and also from the order denying the motion for a new trial.  Respondent moved to dismiss the appeal from the judgment on the ground that it was taken too late, since the judgment was entered on June 4, 1920, and the notice of appeal therefrom was not filed in the office of the clerk until February 15, 1921.  Under these conditions, since the time for taking this appeal was 90 days from the date of entering the judgment, this appeal must be dismissed.

Respondent also moved to dismiss the appeal from the order denying the motion for a new trial on the ground that said appeal was prematurely taken, for the reason that said order was signed by the court some time in the month of March, 1921, and the appeal from said order was filed

on the fifteenth day of February, 1921. It appears by the certificate of the trial judge that while said order bore date of February 7, 1921, it was in fact not signed until some time in the month of March. It also appears by another certificate of said trial judge that a letter bearing date of February 4, 1921, was written on said date to counsel for both parties in this case advising them of his decision on the motion for a new trial. This letter, after reciting the submission of this motion to the court and its consideration by him, announced the decision of the court in these words: "Motion for new trial will therefore be overruled." This letter does not appear to be part of the record in this case, although counsel for appellant says it was on February 7, 1921, filed by him with the clerk as an order overruling said motion for a new trial, and his appeal of February 15th was based thereon. Some time in March, 1921, this letter was withdrawn from the files of the clerk and the formal order overruling the motion for a new trial which appears in the transcript was substituted therefor.

C. S., sec. 7194 defines an order as follows: "Every direction of a court or judge made or entered in writing and not included in a judgment is denominated an order."

Applying this definition, it would seem that there is no room for the contention of appellant that the letter of February 4th was an order from which an appeal could be taken. If it was in fact not an order, the formal order made subsequent to the taking of the appeal could not be made to take effect as of the 7th of February, nor upon any date prior to the date of the appeal, so as to make said appeal effective. This appeal also must be dismissed.

Each of said appeals is hereby dismissed with costs to respondent.

Rice, C. J., and Budge, McCarthy and Lee, JJ., concur.