579 P.2d 1197

**Jack Harold KRAFT, Plaintiff-Appellant,**

v.

**The STATE of Idaho, Defendant-Respondent.**

**No. 12304.**

Supreme Court of Idaho.

June 13, 1978.

Donald A. Ronayne of Rayborn, Rayborn & Ronayne, Twin Falls, for plaintiff-appellant.

Wayne L. Kidwell, Atty. Gen., Warren Felton, Deputy Atty. Gen., Boise, for defendant-respondent.

McFADDEN, Justice.

Jack Harold Kraft has appealed from a denial of his application for post-conviction relief. Following a jury trial, Kraft was convicted of the crime of rape, from which judgment he appealed to this court. *State v. Kraft*, 96 Idaho 901, 539 P.2d 254 (1975). In that appeal his judgment of conviction was affirmed, following which he filed a pro se application for post-conviction relief setting forth six "assignments of error." Several of these issues were specifically dealt with by this court on his appeal from judgment of conviction.[1] Kraft, by counsel, later filed an unverified "Addendum Memorandum for Post Conviction Relief" setting forth as an additional ground for relief a claim of incompetency of his two trial counsel. This issue had been considered by this court on the appeal.[2]

An answer to Kraft's pro se petition for post-conviction relief was filed, wherein each specific assignment of error was replied to and which prayed that the petition be dismissed. However, the trial court granted a hearing at which Kraft was the only witness. His testimony at the hearing was primarily directed towards the incompetency of his first and second counsel, only the latter of which participated in the trial of the rape charge. In this testimony Kraft explained his version of what took place between himself and his respective counsel. At the conclusion of Kraft's testimony the court advised that it was not going to grant

---

1. The "assignments of error" claimed are:

   1. The trial court erred when it denied petitioner's motion to suppress evidence, due to the illegal arrest, search and seizure, all without probable cause.
   2. The prosecuting attorney erred when he failed to produce material evidence of sperm reports vital to petitioner's defense.
   3. The prosecuting attorney erred when he introduced collateral and hearsay testimony as to other crimes (burglary), which was completely unconnected with the rape being charged.
   4. The conviction is standing on the uncorroborated testimony of the prosecutrix, when the circumstances surrounding the alleged commission of the offense is not clearly corroborative of her statements.
   5. The trial court erred when it failed to instruct the jury concerning the credibility of the witnesses, when such instruction would aid the jury in a fair and impartial determination of facts, evidence, and the weight to be given testimony relating to that evidence.
   6. The Fifth Judicial District erred when it failed to correct petitioner's sentence.

2. This case is illustrative of the difficult decision placed on the shoulders of trial counsel. After trial on the rape charge, other counsel was appointed on his appeal. The new counsel on the appeal raised the issue as to the competency of trial counsel, and this issue was discussed at some length in Kraft's first appeal, resulting in a holding adverse to Kraft. When facts outside the record are to be used as the basis of a challenge as to the competency of counsel, such issues cannot properly be raised on appeal, but must be raised by application under the Uniform Post Conviction Procedure Act, I.C. §§ 19–4901 to 4911. *State v. Congdon*, 96 Idaho 377, 529 P.2d 773 (1974). As was pointed out by Justice Bakes in his special concurring opinion in *State v. Kraft, supra*, the question of the competency of counsel involves many complex issues and in many instances it would be better to reserve such issues for post-conviction proceedings instead of risking the chance that on the appeal such issues would become res judicata without all facts involved being developed. *See, State v. Ruth*, 98 Idaho 879, 574 P.2d 1357 (1978).

the State's motion to dismiss and that it was bound by this court's resolution of the competency issue, but that if it was not, Kraft had failed to carry his burden of proof. The court also took under advisement an issue concerning the propriety of the sentence imposed.

■ Before any findings of fact, conclusions of law or order were entered, as required by I.C. § 19–4907,[3] Kraft filed a pro se notice of appeal. The trial court in a memorandum opinion recognized that by his precipitous action in prematurely filing the notice of appeal, Kraft may have barred the trial court from ruling on the propriety of the consecutive sentence imposed. However, the trial court did pass on this issue and correctly anticipated this court's decision in *State v. Lawrence*, 98 Idaho 399, 565 P.2d 989 (1977).

In view of the fact that this appeal was taken before any final order as required by I.C. § 19–4907 was entered, it must be dismissed as premature. *Hamblen v. Goff*, 90 Idaho 180, 409 P.2d 429 (1965); *Goade v. Gossett*, 35 Idaho 84, 204 P. 670 (1922); *Stout v. Cunningham*, 33 Idaho 83, 189 P. 1107 (1920).

Appeal dismissed.

SHEPARD, C. J., and DONALDSON, BAKES and BISTLINE, JJ., concur.

BISTLINE, Justice, specially concurring.

Although I am concurring in the dismissal of the appeal, I do so somewhat reluctantly, thinking it only fair to the attorneys involved to point out that more than a year ago a State's motion to dismiss the appeal for want of a written final order was denied. It was my own understanding at that time that the Court proceeded with the appeal on the basis that Judge Cunningham's oral order of denial, reflected in a written court minute entry, could suffice as the equivalent of a written order in this particular case. Also, at an earlier time,

pursuant to a stipulation of the parties, we entered an order that the record be augmented with a transcript of the district judge's ruling from the bench. I can see that counsel will believe the Court inconsistent in once apparently accepting jurisdiction and now rejecting it. Though the earlier order denying the motion to dismiss was erroneous, counsel may very well think we should abide by it nevertheless.

Findings of fact and conclusions of law are not jurisdictional. It has ever been the law of this state that counsel may even waive findings of fact and conclusions of law, although I am not suggesting such a practice in post-conviction relief proceedings. There are prior decisions of this Court holding that findings are not indispensable to appellate review where this Court is adequately advised of the basis of a trial court decision. I do agree that findings of fact ordinarily are almost indispensable to appellate review, but in this particular case there was no conflicting testimony.

It is readily apparent from the reporter's transcript that the trial judge denied Kraft's petition on the basis that ineffective assistance of counsel was considered and decided by this Court on Kraft's direct appeal from the judgment of conviction, *State v. Kraft*, 96 Idaho 901, 539 P.2d 254 (1975). That Judge Cunningham accorded our decision in *Kraft I* a *res judicata* effect even though it appears he may have had before him facts not presented on the direct appeal is evidenced by the following remarks:

But to make things even worse for Mr. Kraft, our Supreme Court says this about representation of counsel in Mr. Kraft's case, the Court says on the top of Page 906 of Volume 96 of the Reports: We do not believe this oversight alone so prejudiced appellate's case as to render what was in all other respects reasonable, competent assistance of counsel.

Now, if the Supreme Court had before it the very transcript which you read, and

---

**3.** Idaho Code § 19–4907 provides in pertinent part:

The court shall make specific findings of fact, and state expressly its conclusions of law,

relating to each issue presented. This order is a final judgment.

I assume that each of the Justices read the transcript, they had a verbatim report of everything that was done in Judge Ward's Court. And after reading it, what did they say?

They said, except for this one instance that they didn't think material, they said; Mr. Kraft received competent assistance of counsel.

I am certainly not going to argue with the Court even though in my own viewpoint I would think it would be well for counsel to spend more than the time Mr. Kraft indicates was spent with him.

. . . . .

All I am saying is that time in itself is not very material whether the job is done, and our Supreme Court said, and I am repeating I guess for the third or fourth time, he did have the reasonable competent assistance of counsel.

I think it is not in the interests of judicial economy to return the cause to Judge Cunningham without any inkling of direction from this Court on the *res judicata* aspect. Such is a question of law. As Chief Justice Shepard wrote in *Jacobsen v. State*, 98 Idaho 45, 577 P.2d 24 (1978), there is no necessity for remand where the issue is "with the applicable law" rather than with the facts. Clearly this Court in the final instance will determine whether *Kraft I* bars consideration of the ineffectiveness claim on a petition for post-conviction relief. I can conceive of no reason for not doing so at this highly appropriate time. If *Kraft I* is *res judicata* as to every aspect of petitioner's ineffectiveness claim, then we should say so and put an end to the long delay which has beset Kraft in pursuing his claim to post-conviction relief. If it is not, then we should so state, so that upon remand the trial judge will not labor under the same confusion which, through no fault of his own, existed at the time of the original hearing. Such confusion would again interfere with clearly focused consideration of Kraft's *factual* contentions on his ineffectiveness claim. For these reasons I feel it is appropriate to set forth at least one appellate view of the *res judicata* question.

In *Kraft I*, Kraft's appellate counsel was other than his trial counsel. The denial of effective assistance of counsel at trial was assigned as error on the direct appeal from the judgment of conviction, "in the following particulars":

(1) failure to make an opening statement; (2) failure to move for a dismissal of charges against him after the state presented its case; (3) failure to present evidence on his behalf; (4) failure to offer jury instruction on the issues of lesser included offenses and witness credibility.

*State v. Kraft*, 96 Idaho 901, 904, 539 P.2d 254, 257 (1975). The judgment was affirmed. On the basis of the teaching of *State v. Tucker*, 97 Idaho 4, 539 P.2d 556 (1975), the Court said in regard to the third allegation of incompetence:

[I]t is not enough for a defendant to allege that no evidence was introduced in his behalf at trial, and from that premise conclude as appellant has done that assistance of counsel was inadequate. Rather a defendant must specify or at least identify evidence in his favor which existed, and which should have been introduced at trial but was not due to the lack of diligent preparation on his counsel's part. Furthermore, appellant has not indicated what evidence existed which if it had been presented could have a different result.

*Kraft, supra,* 96 Idaho at 905, 539 P.2d at 258. The Court did not indicate how appellant could meet this burden of specificity where there was no hint in the record as to what evidence might have been available and where no procedure had been adopted by this Court for allowing augmentation of the trial record on the ineffectiveness issue. Neither did the Court follow the suggestion of Justice Bakes who, in concurring specially, wrote,

I concur in the majority opinion except that I would reserve for a subsequent post-conviction hearing the issue of competency of counsel raised and disposed of by the majority. The question of compe-

tency of counsel is an extremely complex factual determination which, in all but the most unusual cases, requires an evidentiary hearing for determination. *See State v. Tucker*, 97 Idaho 4, 539 P.2d 556 (1975). The resolution of those factual issues for the first time upon appeal, based upon a trial record in which competency of counsel was not an issue, is at best conjectural.

*Id.* at 906, 539 P.2d at 259.[1] Justice Bakes apparently believed that competency of counsel should not have been raised absent a full evidentiary hearing, and that having been raised, it should not have been considered and decided by this Court on an incomplete record. In *State v. Ruth*, 98 Idaho 879, 574 P.2d 1357 (1978), competency of trial counsel was again raised on direct appeal from a judgment of conviction. Sharing the doubts obviously plaguing Justice Bakes in *Kraft I*, I wrote in a specially concurring opinion,

> If, on appeal, counsel prematurely raises the competency of counsel issue, and gains an adverse determination in this Court, he may very well subject himself to like charges of incompetency—keeping in mind the threat of *res judicata* should the client later seek to have his claim of incompetence of trial counsel heard at a post conviction proceeding. On the other hand, there is an equal threat of later being told that competency of counsel should have been raised on direct appeal whenever appeal counsel is other than trial counsel. In calling for a reservation of the competency issue until a post-conviction hearing, Justice Bakes so far presents the better approach, both for adjudication by this Court and for guid-

ance to counsel faced with the dilemma outlined above.

*Id.* at 1359.

It is evident from Judge Cunningham's bench remarks quoted earlier that the dilemma I outlined in *Ruth* is a very real dilemma indeed to convicted defendants seeking relief, to the appellate attorneys who must advise them and to the trial judges who must try to follow the law as "clarified" by this Court. However, it is my opinion that the dilemma will exist only so long as this Court fails to offer guidance where guidance is clearly required and fails to specify a uniform procedure for determining ineffectiveness claims on the basis of an evidentiary hearing specifically directed to the issue. The need for guidance is pressing because the trial courts are more and more presented with such issues.

The issue on which guidance might here be given is simply stated: Does the decision in *Kraft I*, based on the trial record then before us, which held that petitioner received reasonably competent assistance of counsel at trial, bar him from raising the same issue in a petition for post-conviction review based on facts not before this Court on direct appeal?

I.C. § 19–4908 of the Uniform Post-Conviction Procedure Act (UPCPA) reads as follows:

> All grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent applica-

1. Today, in dictum, the Court apparently adopts Justice Bakes' suggestion via the following language: "When the facts outside the record are to be used as the basis of a challenge as to the competency of counsel, such issues cannot properly be raised on appeal, but *must be* raised by application under the Uniform Post Conviction Procedure Act I.C. § 19–4901 to 4911." It remains silent on whether Mr. Kraft, whose petition rests in part on facts outside the trial record, may have the benefit of this dic-

tum. By requiring in *Kraft I* a specificity that could not be met on the basis of the trial record, yet declining to follow Justice Bakes' suggestion that the issue be reserved for post-conviction review, and now refusing to say whether Kraft may have a hearing on his factual allegations free from the threat of a strict application of the principles of *res judicata*, the Court has placed him in a catch 22 not of his own making.

tion, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.

I am unable to find that this Court has as yet placed an authoritative construction on this statute which seemingly addresses the problem at hand. However, after extended puzzling over the tortured syntax of the second sentence quoted above, I have come to the conclusion that the only problem addressed therein is the problem of *repetitive petitions for post-conviction relief.* The statute tells us only what may not be raised in a subsequent (i. e., second or later) post-conviction petition (*unless* the court finds a ground for relief asserted which for sufficient reason was not asserted in the first application) and that is: (a) any ground raised and finally adjudicated in a *first post-conviction petition*; (b) any ground not raised but which was available and should have been raised in a *first post-*

*conviction petition*; (c) any ground knowingly, voluntarily and intelligently waived in the proceedings that resulted in the conviction or sentence (i. e., the trial or entry of a guilty plea) or in any other proceeding the applicant has taken to secure relief. This section does not deal with our case where only an original petition for post-conviction relief is involved.[2]

The proper framework for analysis of the question presented is § 19–4901 of the UPCPA. This section sets forth the available grounds for relief. It also provides that: "(b) This remedy is not a substitute for nor does it affect any remedy incident to the proceedings in the trial court, or of an appeal from the sentence or conviction." Nowhere does it explicitly refer to the effect of the course of litigation in the proceedings leading to conviction on an initial application for post-conviction relief.[3] However, as it will frequently be the case that issues cognizable in a post-conviction

2. It is just as well to avoid becoming involved in the interpretation problems of I.C. § 19–4908. The ABA Standards Relating to Post-Conviction Remedies (Approved Draft, 1968) points out at page 109–10 that there is a serious difficulty with the language of this section which poses a potential constitutional problem. The problem lies in the requirement that when an applicant raises a new ground for relief in a second post-conviction petition the application must first be evaluated to determine whether there is "sufficient reason" for the applicant's not having raised the new ground before.

In imposing a rule designed to bar litigation of claims not previously raised, the draftsmen failed to discriminate among the possible types of prior proceedings. For example, a second or later application for post-conviction relief may have been preceded only by prior dismissals of applications of demurrer-like motions, or may have been preceded by a full factual hearing in a plenary proceeding. The degree of finality to be invoked should take such differences into account.
The traditional habeas corpus doctrine provides for no cut-off of unlitigated claims through a strict rule of res judicata. To the extent that this section bars consideration of such claims in a post-conviction application, it creates a constitutional problem with Second Revised Uniform Act's provision abrogating habeas corpus as a remedy available to prisoners. If the Freedom Writ is constitutionally safeguarded, impingement upon its availability raises some significant questions. *Id.* at 110.

3. The original 1955 version of the UPCPA addressed this question in the following language: [a person who claims that certain grounds for relief exist] "may institute a proceeding under this Act to set aside or correct the sentence, provided the alleged error has not been previously and finally litigated or waived in the proceedings resulting in the conviction or in any other proceeding that the petitioner has taken to secure relief from his conviction." 11 Uniform Laws Annotated 477 (1974). A possible reason for the omission of this language in the 1966 Revised UPCPA is suggested by this commentary in the Commissioners' Prefatory Note: "Since 1955, when the original Act was promulgated by the National Conference, the cases in the United States Supreme Court have strengthened a requirement that state relief is not adequate if there is a dismissal of the claim without a full and fair evidentiary hearing on the merits when the claim is based on disputed facts. Moreover new grounds for attacking a conviction have developed. The 1966 revision proposed herein is designed to take care of these developments. It is believed that it is now flexible enough so that with sympathetic consideration of pleadings and methods of presenting issues, a prisoner will always be able to raise his claim in a state court and thus, as provided in 28 U.S.C. § 2254 there will be no occasion for federal habeas corpus, because a state remedy is available." *Id.* at 482.

proceeding will have been litigated in the original trial and on direct appeal (if one is taken) some consideration must be given to the application of ordinary principles of finality. The ABA Standards Relating to Post-Conviction Remedies § 6.1 (Approved Draft, 1968) provide excellent guidance in this area.

6.1 The judgments of conviction; waiver.

(a) Unless otherwise required in the interest of justice, any grounds for post-conviction relief as set forth in section 2.1 which have been fully and finally litigated in the proceedings leading to the judgment of conviction should not be re-litigated in post-conviction proceedings.

(i) It is essential that accurate and complete records of proceedings leading to such judgments be compiled and retained in accessible form.

(ii) A question has been fully and finally litigated when the highest court of the state to which a defendant can appeal as of right has ruled on the merits of the question.

Finality is an affirmative defense to be pleaded and proved by the state.

(b) Claims advanced in post-conviction applications should be decided on their merits, even though they might have been, but were not, fully and finally litigated in the proceedings leading to judgments of conviction.

(c) Where an applicant raises in a post-conviction proceeding a factual or legal contention which he knew of and which he deliberately and inexcusably

(i) failed to raise in the proceeding leading to judgment of conviction, or

(ii) having raised the contention in the trial court, failed to pursue the matter on appeal,

a court should deny relief on the ground of an abuse of process. If an application otherwise indicates a claim worthy of further consideration, the application should not be dismissed for abuse of process unless the state has raised the issue in its answer and the applicant has had an opportunity, with the assistance of counsel, to reply.

(d) Because of the special importance of rights subject to vindication in post-conviction proceedings, courts should be reluctant to deny relief to meritorious claims on procedural grounds. In most instances of unmeritorious claims, the litigation will be simplified and expedited if the court reaches the underlying merits despite possible procedural flaws.

A portion of the commentary accompanying § 6.1 is particularly relevant to the case before us because Kraft claims that there are facts which would justify granting him relief on his ineffectiveness claim which have not yet been heard and considered in ruling upon his pending claim:

The proffer by an applicant of new evidence on a claim previously raised is analogous to the conventional motion for new trial on newly discovered evidence. See § 2.1(a)(v), *supra.* Where the evidence relates to the issue of guilt or innocence, courts are properly reluctant to reopen inquiry unless the new matter would likely have discernible impact upon the ultimate resolution, or conversely stated, unless there is substantial prejudice to the applicant in permitting a judgment to stand even though rendered without this new evidence before the trier of fact. *Where the evidence relates to the essential fairness of the proceeding leading to conviction, including claims of denial of constitutional guarantees, there is greater reason to seek full consideration of the merits.*

If an issue cognizable in post-conviction proceedings has been inadequately or improperly tried in the process leading to conviction, any deficiency ought to be remedied in a post-conviction proceeding. For federal constitutional questions, the Supreme Court of the United States has described the minimum requirements of adequate fact-finding process, lacking which a federal court must hold a de novo inquiry. *Townsend v. Sain,* 372 U.S. 293 (1963). These requirements were codified, in the form of a presumption of correctness of state court findings of fact in the new Habeas Corpus Act of 1966,

Pub.L.No. 89–711, 89th Cong., 2d Sess. § 2 (Nov. 2, 1966). It is most appropriate for state courts to seek to meet those standards. If an issue has been inadequately tried in an earlier proceeding, a state court would be well advised to consider the issue afresh at the post-conviction stage. *Likewise, if a defect renders previous appellate consideration questionable, post-conviction process can remedy the situation.* (Emphasis added.)

*Id.* at 87–88.

Applying the above stated principles to the case at hand, it would seem that the interests of justice require that, even though the issue of competency of counsel was raised, considered and decided on the direct appeal, Kraft ought not to be barred from presenting his claim again in a petition for post-conviction review when he now has the benefit of a transcript of a full evidentiary proceeding. One small voice is heard to state that *res judicata* is not a bar to reaching a determination on the merits of the competency issue. I submit that it is not realistic to return the cause to the district court without passing on the *res judicata* issue.

The majority opinion comments that "This case is illustrative of the difficult decision placed on the shoulders of trial counsel." Trial counsel neither the rules of the Court make, nor its holdings announce. Guidelines are necessary and should emanate from this Court. As a basic proposition I suggest a holding that where a defendant is represented by new counsel on appeal who desires to raise on appeal the issue of competency of trial counsel, an evidentiary hearing should be held (prior to

our consideration of the appeal) if defendant's claim appears to rest on facts not reflected in the trial record. Presently there is no procedure for such a hearing. *State v. Tucker,* 97 Idaho 4, 14, 539 P.2d 556, 566 (1975), heretofore expressly held that post-conviction proceedings are premature until the direct appeal has been heard and disposed of. This Court *directed* the trial court *to dismiss* the post-conviction relief proceeding.[4]

*Tucker* should be overruled insofar as it declares that post-conviction proceedings can not be undertaken until the original criminal action is wholly completed—including the appeal. The UPCPA provides that, "An application may be filed at any time." I.C. § 19–4902. One other state court has already held that a district court has jurisdiction to entertain a post-conviction petition during the pendency of an appeal. *Cleesen v. Brewer,* 201 N.W.2d 474 (Iowa 1972). Where appeal counsel are other than trial counsel, and competence of counsel is to be an issue on the appeal, a post-conviction proceeding should be initiated. Any proceedings on direct appeal should be abated until the post-conviction proceeding is brought to a conclusion, in which proceeding a fully adversary evidentiary hearing may be conducted if warranted by the allegations in the petition. Upon either granting or denying relief the district court should enter findings of fact and conclusions of law and an appropriate order, which order is a final judgment. Any appeal from this order should then be consolidated with the direct appeal from the judgment of conviction and both argued orally

---

4. It is worth nothing that in *Tucker* the situation was unique. A denial of a motion for a new trial was also before us on the appeal. This motion was based upon the grounds that after conviction and sentencing, it was ascertained that the State had certain tapes of conversations between Tucker and law enforcement agents. This Court neither reversed nor affirmed the conviction or the denial of the new trial motion but remanded with directions to use the new trial motion as the vehicle upon which to pick up the evidentiary hearing on the issue of competency of counsel. The Court directed:

we remand for further proceedings to determine whether a new trial should be granted on the ground of inadequacy of counsel. 97 Idaho at 12, 539 P.2d at 564.

Had there not been a motion for a new trial, one can only speculate as to the disposition which might have been made. The unique evidentiary and procedural facts of *Tucker* have not been repeated in any subsequent ineffectiveness of counsel cases. In rare circumstances would the *Tucker* format be again available for gaining an evidentiary hearing.

at the same time. In that manner judicial economy is served and the parties hopefully are taken out of procedural limbo.