W. JONES, Justice.
I.NATURE OF CASE
Magistrate Judge Murray of the Third Judicial District terminated Jane Doe Ill’s (Appellant) parental rights to her children based on neglect, abandonment and the best interest of the children. Because we do not have jurisdiction to hear this case, we dismiss the appeal.
II.FACTUAL AND PROCEDURAL BACKGROUND
After conducting a hearing on the matter, the magistrate court terminated Appellant’s parental rights on October 3, 2008. Appellant filed a motion for permissive appeal to this Court on October 17, 2008. On the same day, Appellant filed with the magistrate court a notice of appeal to this Court. On October 27, 2008, the magistrate court entered an order recommending a direct permissive appeal to this Court pursuant to I.A.R. 12.1. This Court granted leave to Appellant to file a notice of appeal on November 10, 2008. No new notice of appeal was filed.
III.ISSUE ON APPEAL
Whether Appellant’s premature filing of the notice of appeal precludes this Court from having jurisdiction to hear this ease?
IV.STANDARD OF REVIEW
“[T]he question of subject matter jurisdiction may be raised by the Court at any time sua sponte.’ ” Erickson v. Idaho Bd. of Registration of Professional Engineers and Professional Land Surveyors, 146 Idaho 852, 854, 203 P.3d 1251, 1253 (2009) (quoting In re Quesnell Dairy, 143 Idaho 691, 693, 152 P.3d 562, 564 (2007)).
V.ANALYSIS
Appellant failed to comply with the procedural rules in I.A.R. 12.1(d), thus preventing this Court from having jurisdiction to consider the merits of this ease. After this Court enters an order permitting a party in a case regarding termination of parental rights to appeal directly to the Supreme Court, the party requesting permission to appeal is required to file a notice of appeal with the lower court. See In re Doe, 147 Idaho 314, 208 P.3d 296 (2009). I.A.R. 12.1(d) states in relevant part:
Any appeal by permission of a judgment or order of a magistrate under this rule shall not be valid and effective unless and until the Supreme Court shall enter an order accepting such judgment or order of a magistrate, as appealable and granting leave to a party to file a notice of appeal within a time certain.
I.A.R. 12.1(d) clearly contemplates that the party requesting permission to appeal must file a notice of appeal with the lower court after this Court accepts review of a motion for a direct permissive appeal. Numerous civil cases in Idaho hold that a premature notice of appeal is ineffective to vest jurisdic *359 tion on appeal.[1] State v. Gissel, 105 Idaho 287, 290, 668 P.2d 1018, 1021 (Ct.App.1983); see also Kraft v. State, 99 Idaho 214, 579 P.2d 1197 (1978) (notice of appeal filed before written findings of fact, conclusions of law or judgment was entered; appeal dismissed as premature); Hamblen v. Goff, 90 Idaho 180, 409 P.2d 429 (1965) (written judgment filed subsequent to notice of appeal; appeal dismissed for lack of appellate jurisdiction); Martin v. Soden, 80 Idaho 416, 419, 332 P.2d 482, 483 (1958) (“The filing of the notice of appeal ... [is] jurisdictional. In the absence of compliance with the provisions of the code, this Court has no jurisdiction to entertain the appeal.”); Goade v. Gossett, 35 Idaho 84, 204 P. 670 (1922) (appeal from order denying new trial dismissed where notice of appeal was filed prior to entry of the written order denying motion for new trial). In this case, on October 17, 2008, Appellant filed a notice of appeal with the district court that she was appealing to this Court, which was nearly a month before this Court granted leave to Appellant to file such notice of appeal. Appellant’s notice of appeal is invalid because it was filed prematurely. Because a notice of appeal was not timely filed in this case, we do not have jurisdiction to consider Appellant’s arguments on the merits.
VI. CONCLUSION
Appellant’s failure to timely file a notice of appeal to this Court precludes us from having jurisdiction to review this case on the merits. The appeal is dismissed.

. I.A.R. 17(e)(2) provides an exception to the rule that renders a prematurely filed notice of appeal invalid, but the exception only applies if the notice of appeal is “filed from an appealable judgment, order or decree.” Permissive appeals brought under I.A.R. 12.1 do not fit within the limited circumstances provided for in I.A.R. 17(e)(2). Thus, the exception is inapplicable in this case.